■ PETER BESTAFKA, Respondent, v COUNTY OF SUFFOLK, Appellant.—In a proceeding pursuant to CPLR article 78 which was *sua sponte* converted pursuant to CPLR 3001 and 103 (c) by Special Term into an action for a declaratory judgment, the County of Suffolk appeals from so much of a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated September 3, 1985, as declared that the county was required pursuant to Local Laws, 1985, No. 6 (3) (a) of Suffolk County to provide a defense to the petitioner in certain pending litigation in the Supreme Court, Suffolk County, insofar as the complaint therein charged the petitioner with "violations of 42 USC §§ 1981-1988".

Judgment reversed insofar as appealed from, with costs, and it is declared that with regard to those causes of action in the complaint in the underlying litigation against the petitioner alleging "violations of 42 USC §§ 1981-1988", the County Attorney of Suffolk County has the right and duty, pursuant to Local Laws, 1985, No. 6 (3) (a) of Suffolk County, to investigate and determine in the first instance, whether the petitioner was acting within the scope of his employment, prior to the County of Suffolk's obligation to provide the petitioner with a defense.

Local Laws, 1985, No. 6 (3) (a) of Suffolk County directs that a county employee be provided with a defense by the county in an action "which is brought to enforce any provisions of Section 1981 through 1988 of Title 42 of the United States Code". It further states: "The determination of an issue of whether or not an employee was acting within the scope of his public employment or duties at the time of the occurrence *[sic]* act or omission giving rise to a claim shall be made in the first instance by the County Attorney". We believe that the language of this provision and its legislative history indicate that its intention was to provide a defense to employees for actions brought against them arising out of the performance of their duties for the county. It was not intended to provide for the defense of employees in suits brought against them arising out of private acts undertaken by them on their own behalf. We reject the contention of the petitioner, with which Special Term agreed, that the County Legislature intended an exception to this rule for actions brought under 42 USC §§ 1981-1988, where a defense would be automatically provided. To so interpret the local law would result in the absurd and unintended result of the county having to provide an employee with a defense in a suit which arises purely out of acts taken privately and on his own behalf, merely because the plaintiff alleged a cause of action under 42 USC §§ 1981-1988. Therefore we reject such an interpretation *(see, Zappone v Home Ins. Co.,* 55 NY2d 131, 137). Rather, we interpret Local Laws, 1985, No. 6 (3) (a) of Suffolk County as providing that in all actions against county employees, the initial determination of whether the county will provide a defense is to be made by the County Attorney on the basis of whether or not the employee's acts giving rise to the suit were "within the scope of his public employment". His determination may only be judicially set aside if it is found to be "arbitrary and capricious" *(cf. Matter of Williams v City of New York,* 64 NY2d 800, 801). The issue of whether in this instance the County

Attorney's decision to not provide the petitioner with a defense was arbitrary and capricious was not litigated in this proceeding and is thus not before the court on this appeal. Thompson, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.