■ In the Matter of JACQUELINE VITUCCI et al., Appellants, v CITY OF NEW YORK et al., Respondents. [709 NYS2d 824] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Corporation Counsel of the City of New York, dated December 11, 1998, which denied the petitioners' application for legal representation in an action pending in the United States District Court for the Eastern District of New York entitled *Doe v New York City Bd. of Educ.* (CV 98-4100), the appeal is from a judgment of the Supreme Court, Richmond County (Ponterio, J.), dated June 23, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

General Municipal Law § 50-k (2) requires the Corporation Counsel of the City of New York to defend municipal employees in civil actions "which the corporation counsel finds occurred while the employee was acting within the scope of his [or her] public employment and in the discharge of his duties and was not in violation of any rule or regulation of his [or her] agency at the time the alleged act or omission occurred". Whether an employee was acting within the scope of his or her employment and is entitled to legal representation must be determined in the first instance by the Corporation Counsel, whose determination "may be set aside only if it lacks a factual basis, and in that sense, is arbitrary and capricious" *(Matter of Williams v City of New York,* 64 NY2d 800, 802). Contrary to the petitioners' contention, the report prepared by the Special Commissioner for Investigation for the New York City School District provided the Corporation Counsel with a sufficient

factual basis to determine that the acts allegedly committed by the subject employee were not within the scope of his employment (*see, Judith M. v Sisters of Charity Hosp.,* 93 NY2d 932; *Joshua S. v Casey,* 206 AD2d 839). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. S. Miller, J. P., Friedmann, Florio and Smith, JJ., concur.