■ In the Matter of H. FRANK BIGGER, Appellant, v. COUNTY OF ORANGE et al., Respondents. [741 NYS2d 433] —In a proceeding pursuant to CPLR article 78 to review a determination of the County of Orange and County Executive Joseph G. Rampe, dated September 27, 2000, which denied the petitioner's request for defense and indemnification in *In the Matter of Spitzer v Orange County Sheriff's Found.*, a proceeding pending in the Supreme Court, Dutchess County, under Index No. 00-04179, the petitioner appeals from a judgment of the Supreme Court, Orange County (Owen, J.), entered August 29, 2001, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Upon a public employee's request that the County defend and indemnify him or her in a civil action or proceeding, the Orange County Executive is vested with the power to determine if the County has such a duty pursuant to Local Law No. 3 (1998) of Orange County § 4 (1), which provides that "the county * * * shall provide for the defense of the employee in any civil action or proceeding * * * arising out of any alleged act or omission which occurred or is alleged to have occurred while the employee was acting within the scope of his or her public employment or duties. For purposes of this Local Law, the determination of whether an employee was acting within the scope of his or her employment will be made by the [County Executive], consistent with the then prevailing law."

We agree with the Supreme Court that the Orange County Executive properly determined that the underlying proceeding brought by the Attorney General against the petitioner did not arise out of an act or omission which is alleged to have occurred while the petitioner was acting within the scope of his public employment or duties. Therefore, the County has no duty to defend and indemnify the petitioner (*see Matter of Polak v City of Schenectady*, 181 AD2d 233, 235-237).

The Supreme Court properly determined that the Orange County Executive issued a substantial and well-reasoned determination setting forth the basis for the County's rejection of the petitioner's request for a defense and indemnification. Thus, a rational basis exists for the County's action, and it was not arbitrary or capricious (*see Matter of Pell v Board of Educ.*, 34 NY2d 222; *Matter of Williams v City of New York*, 64 NY2d 800; *Matter of Vitucci v City of New York*, 272 AD2d 620).

The petitioner's remaining contention is without merit. Santucci, J.P., Friedmann, H. Miller and Schmidt, JJ., concur.