■ In the Matter of GREGORY MIELE, Appellant, v TOWN OF CLARKSTOWN et al., Respondents. [749 NYS2d 274] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Chief of Police of the Town of Clarkstown dated March 20, 2001, which denied the petitioner benefits pursuant to General Municipal Law 207-c, the petitioner appeals from a judgment of the Supreme Court, Rockland County (O'Rourke, J.), dated August 8, 2001, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On December 15, 1998, the petitioner, a police officer in the police department of the Town of Clarkstown (hereinafter the Town) injured his back in the line of duty, resulting in his inability to work until he returned to full duty on January 9, 1999. The petitioner was granted benefits under General Municipal Law § 207-c for the 15 workdays that he missed during this period. Allegedly, he continued to receive treatment for back pain after he returned to work, which was paid for by the Town's workers' compensation insurance carrier.

In August 2000, on the orders of his physician, the petitioner ceased working and did not return to work until April 2001, when he returned to light duty. By letter dated March 20, 2001, the Town's Chief of Police denied the petitioner's request for General Municipal Law § 207-c benefits for the above-mentioned period, finding the absence was unrelated to the prior December 15, 1998, injury, based, among other things, on the report of a doctor who examined the petitioner at the Town's request. Thereafter, the petitioner commenced this proceeding to review the March 20, 2001, determination and to compel the Town to award him General Municipal Law § 207-c benefits for this period. He alleged, inter alia, that the determination was arbitrary and capricious. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

Contrary to the contention of the petitioner, there is a rational basis in the record which supports the determination of the Chief of Police that the petitioner's absence from August 2000 through April 2001 was not related to his prior accident in December 1998. Accordingly, the determination to deny benefits was not arbitrary and capricious (*see Matter of Pell v*

*Board of Educ.,* 34 NY2d 222; *Matter of Bigger v County of Orange,* 293 AD2d 746; *Matter of School of Language & Communication Dev. v Long Is. Power Auth.,* 283 AD2d 506: cf. *Matter of Lyons v Whitehead,* 291 AD2d 497).

The petitioner's remaining contentions are either improperly raised for the first time on appeal or without merit. Ritter, J.P., Florio, S. Miller and H. Miller, JJ., concur.