[802 NE2d 1100, 770 NYS2d 702]

In the Matter of GARY SALINO, Respondent, v ROBERT J. CIMINO, as County Attorney of the County of Suffolk, et al., Appellants.

Argued November 18, 2003; decided December 18, 2003

## POINTS OF COUNSEL

*Robert J. Cimino, County Attorney,* Hauppauge (*Theodore D. Sklar* of counsel), for appellants. Suffolk County Code § 35-3 (A) impresses the County Attorney with the duty to make a factual determination "in the first instance" whether or not an employee must be provided with a defense in a civil action, and the County Attorney is not bound by the allegations in the complaint when making that determination. (*Corning v Village of Laurel Hollow,* 48 NY2d 348; *Matter of Williams v City of New York,* 64 NY2d 800; *Bestafka v County of Suffolk,* 121 AD2d 670, 68 NY2d 610; *Matter of Vitucci v City of New York,* 272 AD2d 620; *Frontier Ins. Co. v State of New York,* 87 NY2d 864; *Mathis v State of New York,* 140 Misc 2d 333; *Sanchez v New York City Tr. Auth.,* 254 AD2d 345; *Matter of DeRespiris v New York City Tr. Auth.,* 251 AD2d 503; *Matter of Bolusi v City of New York,* 249 AD2d 134; *Weitman v City of New York,* 222 AD2d 316, 87 NY2d 1055.)

*O'Brien & O'Brien, LLP,* Nesconset (*Stephen L. O'Brien* and *Daniel P. O'Brien* of counsel), for respondent. I. Suffolk County Code § 35-3 (A) is inconsistent with General Municipal Law § 50-m and cannot be relied on to support the County Attorney's capricious determination. (*Consolidated Edison Co. of N.Y. v*

*Town of Red Hook,* 60 NY2d 99; *Gregory v Town of Cambria,* 69 NY2d 655; *Walker v Town of Hempstead,* 84 NY2d 360; *Rooney v City of Long Beach,* 42 AD2d 34; *Matter of Board of Educ. of City School Dist. of City of N.Y. v Mills,* 250 AD2d 122; *Bloom v Town Bd. of Town of Yorktown,* 80 AD2d 823; *Board of Coop. Educ. Servs., Nassau County v Goldin,* 38 AD2d 267; *Ba Mar, Inc. v County of Rockland,* 164 AD2d 605; *Matter of Penny Lane/E. Hampton v County of Suffolk,* 191 AD2d 19; *Reinhart v Troy Parking Auth.,* 36 AD2d 654.) II. Petitioner is entitled to legal defense at the expense of the County of Suffolk. (*Frontier Ins. Co. v State of New York,* 87 NY2d 864; *Matter of LoRusso v New York State Off. of Ct. Admin.,* 229 AD2d 995; *Matter of Spitz v Abrams,* 123 Misc 2d 446, 105 AD2d 904; *Matter of Shannon v Introne,* 80 AD2d 834, 53 NY2d 929; *Matter of Hunt v Hamilton County,* 235 AD2d 758; *Mathis v State of New York,* 140 Misc 2d 333; *Hassan v Fraccola,* 851 F2d 602; *Matter of Williams v City of New York,* 64 NY2d 800; *Matter of Bigger v County of Orange,* 293 AD2d 746; *Beare v Byrne,* 103 AD2d 814.)

### OPINION OF THE COURT

Chief Judge KAYE.

Suffolk County Code § 35-3 (A) obligates the County to provide a defense to its employees in any civil action "arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting, or in good faith purporting to act, within the scope of his public employment or duties or which is brought to enforce any provisions of Sections 1981 through 1988 of Title 42 of the United States Code." The County Code further provides that "[t]he determination of an issue of whether or not an employee was acting within the scope of his public employment or duties at the time of the occurrence, act or omission giving rise to a claim shall be made in the first instance by the County Attorney." (*Id.*)

In this CPLR article 78 proceeding brought by a Suffolk County police officer, the issue is whether the County Attorney's denial of petitioner's request for a legal defense under Suffolk County Code § 35-3 (A)—on the ground that he was not acting within the scope of employment in connection with the incidents that formed the basis of the complaint—was arbitrary or capricious. We conclude, as did the trial court, that the County Attorney's decision was not arbitrary or capricious.

The action for which petitioner seeks a taxpayer-paid defense grew out of a long feud between petitioner and his neighbor, Co-

rey Kay, over Kay's use of his property. Brought in the United States District Court for the Eastern District of New York under 42 USC §§ 1983, 1985 and 1986, Kay's complaint,[1] served in March 2000, was lodged against the County of Suffolk, and against petitioner and a fellow Suffolk County police officer, personally and in their official capacity. According to the complaint, in July 1996 Kay purchased property next door to petitioner in Mt. Sinai, New York, and leased two cottages on the premises for year-round occupancy to recipients of social services—to which petitioner objected. Kay charged that petitioner, who himself had attempted to purchase the property for similar purposes, persistently complained to town authorities and to the District Attorney that documents relating to year-round use of the cottages were forged or illegal, resulting in the arrest of Joan Van Middelem, the realtor on Kay's purchase of the property.

After the realtor's acquittal, and again at petitioner's behest—the complaint continues—a warrant was issued for Kay's arrest on similar charges; those charges also were dismissed. Kay alleged that the arrests were based on false statements provided by petitioner, and that as a police officer petitioner used his position and contacts to harass, annoy and alarm Kay and to "cause a reign of terror upon" him, including proceedings instituted before town boards and Supreme Court over use of his property. Kay asserted that petitioner's actions constituted a deprivation of constitutional rights, malicious prosecution and false arrest, and other wrongdoing.

Kay's lawsuit actually followed by months a similar action filed in the same court by the realtor (*see Joan Van Middelem v County of Suffolk*, Civil Action No. 99-2707). Shortly after the *Van Middelem* action was instituted, petitioner requested a taxpayer-paid defense under Suffolk County Code § 35-3 (A). After investigation by his Defense Evaluation Committee, the County Attorney concluded that petitioner had not acted in his capacity as a police officer in the alleged wrongdoing and denied his request for a defense. As the Committee reported:

> "[T]he facts as presently known to the committee show that [petitioner] did not act in his capacity as a police officer in pursuing this matter. Rather, he acted as a concerned homeowner, and utilized re-

---

1. Winfield Properties, Ltd., is also a named plaintiff. Kay is its sole shareholder.

sources, including FOIL, available to any private citizen, in bringing this matter to the attention of responsible authorities. Stated differently, [petitioner] did not act in the scope of his duties or authority as a police officer. He sought to protect his private interests as a homeowner in engaging in the course of conduct."

The Committee noted its reliance on a Police Department Internal Affairs report which explained that, through his own FOIL requests, petitioner learned that there had been no zoning change for the cottages from summer to year-round occupancy, and that the Town's certificate of zoning compliance had been based on affidavits (allegedly false) secured by the broker from two elderly neighbors. Petitioner's persistence included commencing administrative proceedings and litigation.[2] According to the Internal Affairs report, petitioner took the information he had learned to his codefendant fellow officer. Based in part on petitioner's deposition, which did not indicate in any way that he was acting in an official capacity, that officer swore out a criminal complaint against the broker; those charges were dismissed on the death of one of the affiants. Other Internal Affairs documents, which are part of the record before us, include a variety of Kay and Van Middelem reports about petitioner to the Police Department reflecting escalating acrimony between the parties, such as petitioner's alleged obscene gestures, inappropriate traffic stop and operation of an unlicensed business.[3]

Petitioner did not pursue the County Attorney's denial of his request for a legal defense in the *Van Middelem* action.

After Kay commenced his federal court action, petitioner asked that the County provide for his defense in that case because the Kay complaint alleges that he was acting as a police officer, and because Department directives required all off-duty officers to report suspected or observed unlawful activities to

---

**2.** (*See e.g. Matter of Gary Salino v Town of Brookhaven Bd. of Zoning Appeals et al.*, Sup Ct, Suffolk County, June 10, 1999, Seidell, J., Index No. 24221/98 [remitting the matter to the Town's Zoning Board of Appeals for further hearing and findings of fact to determine the nonconforming status of the property].)

**3.** Though these complaints were for the most part ultimately found unsubstantiated, petitioner was relocated because of ongoing disputes with civilians in his patrol area. The Internal Affairs documents also show that petitioner and the arresting officer were exonerated by the Department for the arrests of Kay and Van Middelem, which were found to have been supported by probable cause.

on-duty police personnel. Again the County Attorney denied petitioner's request for a County-funded defense, finding that petitioner was not acting within the scope of employment in connection with the incidents that formed the basis of Kay's complaint. Again the County Attorney relied on a Defense Evaluation Committee report, which rested in part on its earlier findings and concluded that

> "[n]otwithstanding the boilerplate allegations in the complaint, the operative facts, as distinguished from the legal conclusions asserted in the complaint do not establish that [petitioner] was acting within the scope of his employment. For example, the complaint recites [petitioner's] private litigation, which was clearly not brought by him in his official capacity."

Petitioner then instituted this article 78 proceeding arguing that a plain reading of Suffolk County Code § 35-3 (A) obligates the County to provide him with a defense. Supreme Court agreed with the County's determination that the acts attributed to petitioner were not committed while he was acting in further-ance of his public employment. The Appellate Division, however, reversed and found that the "clear and unambiguous language" contained in the legislation obligated the County to afford petitioner a defense because "[s]ome of the acts asserted in the complaint in the underlying federal civil rights action were al-leged by the plaintiff to have been performed by the petitioner in his capacity as an employee of the County of Suffolk" (298 AD2d 589, 590 [2d Dept 2002]). We now reverse and reinstate Supreme Court's dismissal of the petition.

## Discussion

Suffolk County Code § 35-3 (A) was enacted in 1981 to provide for the defense of County employees who may be charged in civil actions with violating the law "in the performance of their duties" (Suffolk County Code § 35-1). The Legislature viewed the provision as a way to encourage qualified applicants to ac-cept employment with the County, without burdening them with legal expenses incurred in defense of allegations of misconduct "in office" (id.).

As the Appellate Division noted, the Code provides for a defense, in clear and unambiguous language, for acts alleged in the complaint to have occurred while the employee was acting within the scope of his public employment, or actions brought

to enforce any provisions of 42 USC §§ 1981-1988. But that is not the end of the matter, or the section. The Code goes on to provide, in equally clear and unambiguous language, that the County Attorney is to determine "in the first instance" whether an employee was acting within the scope of employment.[4]

While the two provisions of section 35-3 (A) are seemingly at odds with each other, in fact they are fully reconcilable. Clearly, the Suffolk County Legislature by this provision did not commit public funds to an employee's defense based solely on the words chosen by a plaintiff in framing a complaint. Allowing a plaintiff to dictate whether Suffolk County must provide an employee with a defense would indeed be an unintended result of section 35-3 (A) (see Bestafka v County of Suffolk, 121 AD2d 670, 671 [2d Dept 1986], lv denied 68 NY2d 610 [1986]). The reconciling principle between the provision for a public defense protecting employees, and the provision for review by the County Attorney, is that the action of the County Attorney must not be arbitrary or capricious, or it will be set aside (see Matter of Williams v City of New York, 64 NY2d 800, 802 [1985]).[5]

Here, the factual record supports the County Attorney's determination that petitioner's alleged acts of wrongdoing against Kay were the consequence of his private interest as a property owner, not his public responsibility as a police officer.[6] That he was acting to protect and advance his private self-interest is demonstrated, for example, by his individual FOIL requests, by his statements submitted as a long-time community member, not as a police officer, in support of criminal charges against Kay, and by the proceedings in his name challenging Kay's use of the property. Plainly, the County Attorney's determination denying him a defense was neither arbitrary nor capricious.

Finally, we do not reach petitioner's alternative argument that Suffolk County Code § 35-3 (A) is preempted by General

---

**4.** Similar "first instance" clauses are found elsewhere (see e.g. General Municipal Law § 50-k [2] [as determined by Corporation Counsel]; Code of City of Buffalo § 35-28 [same]; Code of City of Albany § 38-7 [A] [same]).

**5.** So long as the County Attorney's determination has a factual basis, it will be sustained. As counsel recognized at oral argument, however, should the factfinder in the federal action ultimately determine that petitioner was indeed acting within the scope of his public employment, as Kay alleges, an issue regarding petitioner's right to indemnification might arise (see Jeffreys v Griffin, 1 NY3d 34 [2003] [collateral estoppel is a flexible doctrine]).

**6.** According to petitioner's Memorandum of Law submitted in Supreme Court, his fellow officer was advised that Suffolk County would provide for his defense in the federal litigation.

Municipal Law § 50-m. Preemption was not raised in the petition, or before Supreme Court. Petitioner raised preemption for the first time in his motion for "reargument and/or renewal," which Supreme Court denied. Neither court below having addressed preemption, we will not be the first to do so (*see Bingham v New York City Tr. Auth.*, 99 NY2d 355, 359-360 [2003]).

Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court, dismissing the petition, reinstated.

Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

Order reversed, etc.