■ ESTHER GLASS et al., Appellants, v ALLAN GRECCO et al., Defendants, and PEERLESS ABSTRACT CORP., Respondent. [783 NYS2d 307]—In a taxpayers' action pursuant to General Municipal Law § 51, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Lifson, J.), entered January 22, 2004, which granted the motion of the defendant Peerless Abstract Corp. for an award of an attorney's fee and costs and the imposition of sanctions pursuant to 22 NYCRR 130-1.1 and 130-1.2 to the extent of directing the plaintiffs and their attorney to jointly pay an attorney's fee in the sum of $4,202.75, plus the costs of the subject motion, to the defendant Peerless Abstract Corp., directing each of the plaintiffs and their attorney to pay a sanction in the sum of $250 to the Lawyers' Fund for Client Protection, and directing the plaintiffs' attorney to pay an additional attorney's fee in the sum of $750 to the defendant Peerless Abstract Corp.

Ordered that the appeal from so much of the order and judgment as directed the plaintiffs' attorney to pay an attorney's fee in the sum of $4,202.75, the costs of the subject motion, and an additional attorney's fee in the sum of $750, and imposed a sanction in the sum of $250 is dismissed, without costs or disbursements, as the plaintiffs are not aggrieved by that portion of the order and judgment (*see* CPLR 5511; *Scopelliti v Town of New Castle,* 92 NY2d 944 [1998]); and it is further,

Ordered that the order and judgment is reversed insofar as reviewed, on the facts and as a matter of discretion, without costs or disbursements.

The Supreme Court improvidently exercised its discretion by penalizing the plaintiffs for their attorney's pursuit of a frivolous claim against the defendant Peerless Abstract Corp. (*see* 22 NYCRR 130-1.1). Accordingly, we reverse the order and judgment insofar as reviewed. Ritter, J.P., Goldstein, Adams and Crane, JJ., concur.