■ In the Matter of ALLAN GRECCO, Respondent, v ROBERT J. CIMINO et al., Appellants. [786 NYS2d 204]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of Robert J. Cimino, as County Attorney of the County of Suffolk, dated July 22, 2002, and adhered to on September 23, 2002, which denied the request of the petitioner/plaintiff, Allan Grecco, for legal representation in three underlying actions entitled *Glass v Grecco* (Suffolk County Index No. 01-30336), *State of New York v Grecco* (Suffolk County Index No. 02-09384), and *Toussie v County of Suffolk* (ED NY Index No. CV-01-6716), as well as certain proceedings and government investigations, and an action pursuant to CPLR 3001 for a judgment declaring, among other things, that the County of Suffolk must reimburse the petitioner/plaintiff for counsel fees and costs he had already incurred in the underlying actions, proceedings, and investigations, Robert J. Cimino, as County Attorney of the County of Suffolk, and the County of Suffolk appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Lifson, J.), dated July 7, 2003, as annulled the determination and, in effect, declared that Allan Grecco was entitled to a legal defense pursuant to Suffolk County Code § 35-3 (A) in the underlying actions, proceedings, and investigations, and the County of Suffolk must reimburse him for counsel fees and costs already incurred by him in the underlying actions, proceedings, and investigations.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the petition is dismissed; and it is further,

Adjudged and declared that Robert J. Cimino, as County At-

torney of the County of Suffolk, properly determined that Allan Grecco was not entitled to a legal defense pursuant to Suffolk County Code § 35-3 (A) in the underlying actions, proceedings, and investigations, and consequently, that the County of Suffolk was not obligated to reimburse him for counsel fees and costs he has incurred in the underlying actions, proceedings, and investigations.

The petitioner-plaintiff, Allan Grecco, was the Deputy Director and then the Director of the Suffolk County Division of Real Estate (hereinafter SCDRE). During his tenure, he negotiated the purchase by the County of Suffolk of certain real estate known as the Chandler Estate from Robert Toussie (*see State of New York v Grecco*, 13 AD3d 350 [2004] [decided herewith]). The purchase sparked a firestorm of controversy, and resulted in various actions, proceedings, and investigations. The allegations underlying the main action are described in *State of New York v Grecco* (*supra*). Grecco requested that the respondent Robert J. Cimino, who was then the County Attorney of the County of Suffolk, provide him with a defense in the various actions, proceedings, and investigations pursuant to Suffolk County Code § 35-3 (A). The request was denied. Grecco commenced this hybrid proceeding and action, inter alia, to set aside the County Attorney's determination as arbitrary and capricious, and for a judgment declaring, among other things, that the County must reimburse him for counsel fees and costs he had already incurred in the underlying actions, proceedings, and investigations. The Supreme Court, among other things, granted such relief. We reverse the judgment insofar as appealed from.

Suffolk County Code § 35-3 (A) provides, in relevant part, that the County shall provide a legal defense for an employee in "any civil action or proceeding in any state or federal court . . . arising out of any alleged act or omission which occurred while the employee was acting, or in good faith purporting to act, within the scope of his public employment or duties." Further, it provides: "The determination of an issue of whether or not an employee was acting within the scope of his [or her] public employment or duties at the time of the occurrence, act, or omission giving rise to a claim shall be made in the first instance by the County Attorney." The County Attorney's determination may be set aside only if it is found to be arbitrary or capricious (*see Matter of Salino v Cimino,* 1 NY3d 166 [2003]; *Bestafka v County of Suffolk,* 121 AD2d 670 [1986]). In view of the allegations giving rise to the actions, proceedings, and investigations against Grecco, the County Attorney's determination that Grecco was not acting within the scope of his public employ-

ment and duties at the time of the purchase of the Chandler Estate was neither arbitrary or capricious. Thus, the denial of a legal defense in the underlying actions, proceedings, and investigations, and, consequently, the denial of reimbursement for counsel fees and costs already incurred, should not have been disturbed. However, our determination is without prejudice to Grecco seeking reimbursement for counsel fees and costs incurred in the actions entitled *Glass v Grecco* (Suffolk County Index No. 01-30336) and *State of New York v Grecco* (Suffolk County Index No. 02-09384), and in the proceedings and investigations (*see Matter of Salino v Cimino, supra* at 172 n 5), in the event that it is ultimately determined that Grecco's conduct concerning the purchase of the Chandler Estate was within the scope of his duties and public employment. The same would not apply to the action entitled *Toussie v Suffolk County,* pending in the United States District Court for the Eastern District of New York, because the pendent state law claims against Grecco in that action arise from a private business dispute between Toussie and Grecco in Grecco's capacity as the owner of a private title insurance company. The alleged wrongdoing in that action was wholly personal in nature and fell outside the scope of Grecco's public employment and duties (*see Matter of Salino v Cimino, supra; Bestafka v County of Suffolk, supra*). Ritter, J.P., Goldstein, Adams and Crane, JJ., concur.