■ In the Matter of ROBERT RIEHLE, Appellant, v COUNTY OF CATTARAUGUS, Respondent. [794 NYS2d 186]—

Appeal from a judgment (denominated order) of the Supreme Court, Cattaraugus County (James E. Euken, A.J.), entered April 5, 2004 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner, formerly a lieutenant in the Cattaraugus County Sheriff's Department, commenced this proceeding to challenge the determination of respondent that petitioner is not entitled to a defense or indemnification in a personal injury action initiated against him by a Deputy Sheriff and his wife. The underlying action arose from an incident that occurred when petitioner and the Deputy Sheriff were attending a defensive tactics training program. As the Deputy Sheriff was observing a demonstration, petitioner allegedly approached him from behind and placed him in a neck restraint, causing him to fall and sustain serious injuries.

Supreme Court properly dismissed the petition. The duty of respondent to provide a defense and indemnification to petitioner arises only if his alleged conduct occurred or allegedly occurred while he was acting within the scope of his public employment or duties (Local Law No. 20-1983 [3], [4] [1983] of County of Cattaraugus). The underlying complaint does not allege that petitioner was acting within the scope of his public employment or duties, and, in any event, respondent determined, based upon its independent investigation, that petitioner was not acting within the scope of his public employment or duties when he allegedly injured the Deputy Sheriff (*see Matter*

*of Salino v Cimino*, 1 NY3d 166, 171-172 [2003]; *Matter of Polak v City of Schenectady*, 181 AD2d 233, 236 [1992]; *see generally Merrill v County of Broome*, 244 AD2d 590, 592 [1997]). That "determination may be set aside only if it lacks a factual basis, and in that sense, is arbitrary and capricious" (*Matter of Williams v City of New York*, 64 NY2d 800, 802 [1985]; *see Salino*, 1 NY3d at 172; *Matter of Grecco v Cimino*, 13 AD3d 371, 372 [2004]). Contrary to the contention of petitioner, the determination that petitioner was not acting within the scope of his public employment or duties has a factual basis and is not arbitrary or capricious (*see Williams*, 64 NY2d at 802; *Matter of Schenectady Police Benevolent Assn. v City of Schenectady*, 299 AD2d 717, 718-719 [2002]). Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Smith, JJ.