■ ZARECKI & ASSOCIATES, LLC, Appellant, v SUSAN ROSS, Defendant, and SCOTT ROSS, Respondent. [854 NYS2d 527]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated May 22, 2007, which denied its motion for leave to renew its opposition to the prior motion of the defendant Scott Ross, inter alia, to dismiss the complaint

insofar as asserted against him, which had been granted in an order of the same court dated March 22, 2007, and granted the cross motion of the defendant Scott Ross to impose a sanction and for an award of an attorney's fee pursuant to 22 NYCRR 130-1.1 to the extent of directing the plaintiff's counsel to pay the sum of $500 to the Clients Security Fund (now the Lawyers' Fund for Client Protection).

Ordered that the appeal from so much of the order as granted the cross motion of the defendant Scott Ross to impose a sanction and for an award of an attorney's fee pursuant to 22 NYCRR 130-1.1 to the extent of directing the plaintiff's counsel to pay the sum of $500 to the Clients Security Fund is dismissed, as the plaintiff is not aggrieved by that portion of the order (*see* CPLR 5511; *Scopelliti v Town of New Castle,* 92 NY2d 944 [1998]; *Glass v Grecco,* 12 AD3d 347 [2004]); and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

A motion for leave to renew must be "based upon new facts not offered on the prior motion that would change the prior determination" and the movant must state a "reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e]; *see Yarde v New York City Tr. Auth.,* 4 AD3d 352 [2004]; *Riccio v Deperalta,* 274 AD2d 384 [2000]). Here, the assertion of the plaintiff's counsel, that he did not ascertain the existence of the purported contract upon which the plaintiff commenced this action until after the court's prior order dismissing the complaint insofar as asserted against the defendant Scott Ross, was not a "reasonable justification" for his failure to have submitted the purported contract to the court on the original motion to dismiss. Thus, leave to renew was properly denied. Rivera, J.P., Lifson, Ritter and Carni, JJ., concur.