In an action to foreclosure a mortgage, the defendant 501 Second Street Holding Corp. appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated October 22, 2010, which (a) denied its motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue its motion pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against it and the defendant 501 Second Street, LLC, which had been denied in an order of the same court dated October 2, 2009, and for leave to reargue its opposition to the plaintiffs cross motion for leave to enter a default judgment against it and the defendant 501 Second Street, LLC, which had been granted in an order of the same court dated July 30, 2010, and (b) imposed sanctions, pursuant to 22 NYCRR 130-1.1, in the sums of $1,000 and $500 against the attorney for the defendants 501 Second Street Holding Corp. and 501 Second Street, LLC, payable to the attorney for the plaintiff and to the Lawyer’s Fund for Client Protection, respectively.
Ordered that the appeal is dismissed, with costs.
We agree with the Supreme Court that the appellant’s motion, denominated as one for leave to renew and reargue, was, in actuality, one for leave to reargue its prior motion pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against it and the defendant 501 Second Street, LLC, and for leave to reargue its opposition to the plaintiffs cross motion for leave to enter a default judgment against it and the defendant *873 501 Second Street, LLC. As an order denying a motion for leave to reargue is not appealable, the appeal from so much of the order as denied the motion, which was, in actuality, a motion for leave to reargue, must be dismissed (see CPLR 2221 [d] [2]; [e] [2]; Blackwell v Mikevin Mgt. III, LLC, 88 AD3d 836, 838 [2011]).
The appeal from so much of the order as imposed sanctions upon the appellant’s attorney also must be dismissed, as the appellant is not aggrieved by that portion of the order (see CPLR 5511; Scopelliti v Town of New Castle, 92 NY2d 944, 945 [1998]; Zarecki & Assoc., LLC v Ross, 50 AD3d 679, 680 [2008]; cf. Matter of Tagliaferri v Weiler, 1 NY3d 605, 606-607 [2004]). Dillon, J.P, Florio, Austin and Roman, JJ., concur.