In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the County Attorney of the County of Suffolk dated August 20, 2009, which denied the request of the petitioner/plaintiff to be indemnified and reimbursed for the attorney’s fees and legal expenses he incurred in two discontinued actions entitled Glass v Grecco (12 AD3d 347 [2004]) and State of New York v Grecco (21 AD3d 470 [2005]), as well as certain proceedings and government investigations, and action for a judgment declaring that Suffolk County Code former § 35-3 (A), recodified as Suffolk County Code § 42-3 (A), requires the County of Suffolk to indemnify and reimburse the petitioner/ plaintiff for the attorney’s fees and legal expenses he incurred in those underlying actions, proceedings, and investigations, the petitioner/plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Whelan, J.), entered September 13, 2010, which, upon an order of the same court dated July 9, 2010, granting the respondents/defendants’ motion pursuant to CPLR 3211 (a) (5) and (7) and 7804 (f) to dismiss the petition/ complaint, dismissed the hybrid proceeding and action.
Ordered that the judgment is reversed, on the law, with costs, the respondents/defendants’ motion to dismiss the petition/complaint is denied, the petition/complaint is reinstated, the order is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for the service and filing of an answer and the administrative record, and for further proceedings on the petition/complaint.
The present hybrid proceeding and action is the latest in a series of actions and proceedings that arise from certain real estate transactions that took place while the petitioner/plaintiff, *893 Allan Grecco, was the Deputy Director, and then the Director, of the Suffolk County Division of Real Estate (hereinafter the SCORE). During Grecco’s tenure at the SCORE, he was also the president and sole shareholder of a title company known as Peerless Abstract Corp. (hereinafter Peerless). In essence, the underlying issue in all of those cases was whether Grecco misused his position with the SCORE to benefit local real estate developers, particularly Robert Toussie, who purportedly steered a substantial amount of business to Peerless. Grecco commenced the instant hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to annul a determination of the Suffolk County Attorney that Grecco was not entitled to be indemnified or reimbursed for the attorney’s fee and legal expenses he incurred in two discontinued actions, on the ground that the determination was arbitrary and capricious.
In 1999, the Suffolk County Legislature authorized Grecco, on behalf of the County, to purchase certain real property known as the Chandler Estate, which consists of approximately 40 acres of undeveloped land on the shore of the Mt. Sinai Harbor in the Town of Brookhaven. The County’s purchase of the Chandler Estate for the sum of $5 million generated controversy, and resulted in the commencement of various actions, proceedings, and investigations. In December 2001, Esther Glass and five other residents of the Town commenced a taxpayers’ action pursuant to General Municipal Law § 51, to, inter alia, annul the purchase of the Chandler Estate on the ground that it was a waste of public funds (see Glass v Grecco, 12 AD3d 347 [2004]) (hereinafter the Glass Action). In relevant part, the complaint in the Glass Action alleged that Grecco violated his fiduciary duty and applicable conflict-of-interest rules by failing to disclose that he and Peerless had a business relationship with Toussie, and that both Peerless and Toussie directly benefited from the County’s purchase of the Chandler Estate. Notwithstanding those allegations, the complaint in the Glass Action did not seek any relief from Grecco or Peerless. The plaintiffs in the Glass Action voluntarily discontinued the Glass Action in May 2003.
In April 2002, then-Attorney General Eliot Spitzer commenced an action pursuant to Executive Law § 63-c, commonly known as the “Tweed Law,” to recover the funds that Grecco and Toussie allegedly misappropriated from the County (hereinafter the Attorney General’s Action). The Tweed Law, which was enacted in 1875, authorizes the Attorney General to stand in the shoes of a local government to recover public funds that have been “without right obtained, received, converted, or *894 disposed of” (Executive Law § 63-c [1]). In the Attorney General’s Action, the Supreme Court, in relevant part, granted Grecco’s motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him and entered a judgment, inter alia, in Grecco’s favor. This Court, however, modified the judgment, in relevant part, by reinstating the first and second causes of action insofar as they asserted that Grecco breached his fiduciary duty and engaged in activities creating a conflict of interest during the Chandler Estate transaction (see State of New York v Grecco, 21 AD3d 470 [2005]). Thereafter, in an order dated November 1, 2006, the Supreme Court, in relevant part, denied Grecco’s motion for summary judgment dismissing the first and second causes of action insofar as asserted against him in the Attorney General’s Action on the ground that Grecco failed to make a prima facie showing of entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In a decision and order dated August 7, 2007, this Court, in relevant part, affirmed the Supreme Court’s order (see State of New York v Grecco, 43 AD3d 397 [2007]).
In a determination dated July 22, 2002, and adhered to on September 23, 2002, then-Suffolk County Attorney Robert J. Cimino denied Grecco’s request for a legal defense in the various actions, proceedings, and investigations, based on the allegations in those matters that Grecco, in the course of his involvement in various real estate transactions, was not acting within the scope of his employment as the Director of the SCORE, but in furtherance of his personal financial interest in Peerless (hereinafter the Cimino Determination).
In November 2002, Grecco commenced a hybrid proceeding pursuant to CPLR article 78 to set aside the Cimino Determination as arbitrary and capricious, and action for a judgment declaring, inter alia, that Suffolk County must reimburse him for the attorney’s fees and legal expenses he had already incurred, and would continue to incur, in the underlying actions, proceedings, and investigations (hereinafter Grecco I).
Although the Supreme Court granted most of Grecco’s requests for relief, on December 6, 2004, this Court, in relevant part, reversed the judgment, dismissed the petition, and determined that the Cimino Determination was not arbitrary and capricious (see Matter of Grecco v Cimino, 13 AD3d 371 [2004]), stating, in relevant part, as follows: “However, our determination is without prejudice to Grecco seeking reimbursement for counsel fees and costs incurred in the [Glass Action] and the [Attorney General’s Action], and in the proceedings and *895 investigations in the event that it is ultimately determined that Grecco’s conduct concerning the purchase of the Chandler Estate was within the scope of his duties and public employment.” {Id. at 373 [citation omitted].)
After the parties settled the Attorney General’s Action on June 17, 2009, Grecco resubmitted his claim to Christine Malafi, who was by then the Suffolk County Attorney, to be reimbursed for his attorney’s fees and legal expenses. In a determination dated August 20, 2009 (hereinafter the Malafi Determination), Malafi stated that the County would not pay any of Grecco’s litigation costs. On December 2, 2009, Grecco commenced the present hybrid proceeding pursuant to CPLR article 78 to review the Malafi Determination and action for a judgment declaring that Grecco was acting within the scope of his employment when the alleged wrongdoing occurred and, accordingly, that Suffolk County Code former § 35-3 (A) (recodified as Suffolk County Code § 42-3 [A]) required Suffolk County to pay for the attorney’s fee and legal expenses he incurred in the underlying actions, proceedings, and investigations (hereinafter Grecco II). The defendants/respondents (hereinafter the defendants) moved to dismiss the petition/complaint as time-barred and for failure to state a cause of action. In an order dated July 9, 2010, the Supreme Court granted the motion. In a judgment entered thereon on September 13, 2010, the Supreme Court dismissed the proceeding and action. The Supreme Court reasoned that this Court permitted Grecco a second chance to seek indemnification and reimbursement only if it were ultimately determined that his conduct in connection with the purchase of the Chandler Estate was within the scope of his public employment, and that Grecco failed to demonstrate, with reference to the subject actions, proceedings, or investigations, that he was so acting. Grecco appeals. We reverse and reinstate the petition/complaint.
At the outset, contrary to the defendants’ contention, this hybrid proceeding and action is not barred by the four-month statute of limitations set forth in CPLR 217 (1). The record reveals that Grecco served a notice of claim on September 10, 2009, which was less than one month after the Malafi Determination, which was dated August 20, 2009, and that Grecco commenced the present hybrid proceeding and action on December 14, 2009, which was less than four months after the Malafi Determination was rendered.
With respect to the merits of the matter, the County’s duty to defend its employees was governed, at all relevant times, by Suffolk County Code former § 35-3 (A) (now recodified as Suf *896 folk County Code § 42-3 [A]), which was enacted in 1981 to protect employees who are charged in civil actions with misconduct in office. The legislative purpose of this provision was to alleviate the potential financial burden of litigation, which often discourages qualified people from seeking or accepting employment with the County (see Suffolk County Code former § 35-1). Notably, Suffolk County Code former § 35-3 (A) tracks the language of similar state statutes, which were also enacted to ensure that public employees would not be required to personally defend themselves against claims arising out of the daily operation of the government (see Public Officers Law § 18 [3] [a] [protects employees of counties, cities, towns, villages and other political subdivisions]; General Municipal Law § 50-k [2] [protects New York City employees]; cf. General Municipal Law § 50-m [protects police and peace officers of Suffolk County]). Pursuant to Suffolk County Code former § 35-3 (A), Suffolk County was, at all relevant times, obligated to provide a legal defense for its employees on the following conditions: “Upon compliance by the employee, peace officer or legislator with the provisions of § 35-4 of this Article, the County shall provide for the defense of the employee in any civil action or proceeding in any state or federal court or administrative agency arising out of any alleged act or omission which occurred while the employee was acting, or in good faith purporting to act, within the scope of his public employment or duties or which is brought to enforce any provisions of Sections 1981 through 1988 of Title 42 of the United States Code. This defense shall not be provided where such civil action or proceeding is brought by or on behalf of the County or any agency of the County. The determination of an issue of whether or not an employee was acting within the scope of his public employment or duties at the time of the occurrence, act or omission giving rise to a claim shall be made in the first instance by the County Attorney.”
The question of whether a county employee was acting within the scope of his or her employment when the alleged wrongdoing occurred is a factual one, which must be determined in the first instance by the County Attorney, and that determination “may be set aside only if it lacks a factual basis, and in that sense, is arbitrary and capricious” (Matter of Williams v City of New York, 64 NY2d 800, 802 [1985]; see Matter of Vitucci v City of New York, 272 AD2d 620 [2000]; Matter of Polak v City of Schenectady, 181 AD2d 233 [1992]; Bestafka v County of Suffolk, 121 AD2d 670 [1986]). A determination is deemed to be arbitrary if it is made without a sound basis in reason and without regard to the facts (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]).
*897 Malafi, in her capacity as County Attorney, determined that Grecco was not an employee acting within the scope of his employment when the alleged wrongdoing occurred, and that he is, thus, not entitled to be indemnified or reimbursed for the attorney’s fees and legal expenses he sought. The Malafi Determination was made seven years after Cimino, in his capacity as Malafi’s predecessor, rejected Grecco’s request for a legal defense. During those seven years, the following events, among others, occurred: (1) the Glass Action was discontinued in May 2003; (2) the deposition testimony of at least two witnesses, Teresa Aliar and Stephen Jones, indicated that Grecco was acting within the scope of his employment; (3) the parties settled the Attorney General’s Action in June 2009; (4) all of the governmental investigations were resolved without any adverse finding against Grecco; (5) Suffolk County never commenced an action against Grecco based on any wrongdoing; and (6) Suffolk County expressed its satisfaction with the acquisition of the Chandler Estate by rejecting the original seller’s offer to repurchase the property for a higher price. The actions, proceedings, and investigations that culminated in the commencement and prosecution of the Glass Action and the Attorney General’s Action have concluded. Accordingly, the Malafi Determination, which was made with the benefit of the additional facts and events that occurred over the seven years since this Court’s decision and order in Grecco I, was, in effect, the ultimate administrative determination in this dispute, which may be set aside if it is ultimately determined to be arbitrary and capricious (see Matter of Williams v City of New York, 64 NY2d at 802; Matter of Grecco v Cimino, 13 AD3d 371 [2004]; Matter of Vitucci v City of New York, 272 AD2d 620 [2000]; Matter of Polak v City of Schenectady, 181 AD2d 233 [1992]; Bestafka v County of Suffolk, 121 AD2d 670 [1986]). On a motion to dismiss a pleading pursuant to CPLR 3211 (a) (7), all of the allegations in the petition are deemed true and the petitioner is afforded the benefit of every favorable inference (see Matter of Oddone v Suffolk County Police Dept., 96 AD3d 758, 760 [2012]; Matter of Kar-McVeigh, LLC v Zoning Bd. of Appeals of Town of Riverhead, 93 AD3d 799, 800 [2012]). In determining such a motion, the sole criterion is whether the petition sets forth allegations sufficient to make out a claim that the determination sought to be reviewed was “made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion” (CPLR 7803 [3]; see Matter of Oddone v Suffolk County Police Dept., 96 AD3d at 760). In light of the foregoing, Grecco properly stated a cause of action for relief pursuant to CPLR article 78 to review the Malafi Determination.
*898 Moreover, Grecco also properly stated a cause of action for a judgment declaring that Suffolk County Code former § 35-3 (A) required the County to reimburse and indemnify him for the attorney’s fees and legal expenses he incurred. “A motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration” (Stover Co. v Skrobisch, 144 AD2d 449, 450 [1988]; see State Farm Mut. Auto. Ins. Co. v Anikeyeva, 89 AD3d 1009, 1010 [2011]). Grecco’s allegations were sufficient in this regard.
The parties’ remaining contentions either are without merit or need not be addressed in light of our determination.
In light of the foregoing, the Supreme Court should not have granted the respondents/defendants ’ motion and dismissed this hybrid proceeding and action. The matter must be remitted to the Supreme Court, Suffolk County, for further proceedings on the merits of the petition/complaint. Eng, EJ., Dillon, Lott and Cohen, JJ., concur.