◼ In the Matter of MVM CONSTRUCTION, LLC, Appellant, v WESTCHESTER COUNTY SOLID WASTE COMMISSION et al., Respondents. [976 NYS2d 180]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Westchester County Solid Waste Commission dated June 7, 2011, made after a hearing, that the petitioner/plaintiff violated chapter 826-a of the Laws of Westchester County by conducting class C waste removal activities without obtaining a license from the Westchester County Solid Waste Commission, and thereupon imposed a fine in the sum of $15,000, and action for a judgment declaring, among other things, that article 27 of the Environmental Conservation Law preempts the County of Westchester from regulating solid waste removal activities, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Cacace, J.), entered February 29, 2012, which granted the respondents/defendants' motion pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition/complaint and, in effect, dismissed the hybrid proceeding and action.

Ordered that the order and judgment is reversed, on the law, with costs, the respondents/defendants' motion pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition/complaint is denied, the petition/complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for the service and filing of an answer and the administrative record in connection with the causes of action pursuant to CPLR article 78, further proceedings on those causes of action in accordance

herewith, severance of and further proceedings on the causes of action for a judgment declaring, inter alia, that article 27 of the Environmental Conservation Law preempts the County of Westchester from regulating solid waste removal activities, and the entry of an appropriate amended judgment thereafter in connection with those causes of action.

The petitioner/plaintiff (hereinafter the petitioner) obtained a permit from the New York State Department of Environmental Conservation to remove solid waste, but failed to obtain a permit from the Westchester County Solid Waste Commission (hereinafter the Commission) for that activity, as required by the Westchester County Solid Waste and Recyclables Commission Licensing Law (see ch 826-1 of the Laws of Westchester County; hereinafter the SWRCLL). Thereafter, while hauling solid waste to a disposal facility in the County, the petitioner was issued several notices of violation for its failure to have obtained a permit under the SWRCLL from the Commission. After an evidentiary hearing before an Administrative Law Judge (hereinafter the ALJ), and upon the petitioner's admission at the hearing that it had hauled solid waste in the County without SWRCLL permits on three occasions, the Commission confirmed the findings and recommendations in the ALJ's report, and imposed a fine upon the petitioner in the total sum of $15,000. The petitioner commenced the instant hybrid proceeding pursuant to CPLR article 78 to review the Commission's determination on the ground, inter alia, that the determination was, in effect, not supported by substantial evidence, and action for a judgment declaring, inter alia, that ECL article 27 preempts the County from regulating waste removal activities. The respondents/defendants (hereinafter collectively the respondents) moved to dismiss the petition/complaint for failure to state a cause of action. The Supreme Court granted the motion and dismissed the hybrid proceeding and action. The petitioner appeals.

The Supreme Court erred in granting the respondents' motion pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition/complaint. "On a motion to dismiss a pleading pursuant to CPLR 3211 (a) (7), all of the allegations in the petition are deemed true and the petitioner is afforded the benefit of every favorable inference" (Matter of Grecco v Cimino, 100 AD3d 892, 897 [2012]; see Matter of Oddone v Suffolk County Police Dept., 96 AD3d 758, 760 [2012]; Matter of Kar-McVeigh, LLC v Zoning Bd. of Appeals of Town of Riverhead, 93 AD3d 799, 800 [2012]).

The evidentiary hearing conducted by the ALJ was one that

was directed by law (*see* Laws of Westchester County § 826-a.601 [1] [a]) and, thus, as relevant to this appeal, the Supreme Court could only consider whether the petition set forth allegations sufficient to make out cognizable causes of action that the Commissioner's determination that the petitioner violated the SWRCLL was not supported by substantial evidence (*see* CPLR 7803 [4]) and that the penalty imposed constituted an "abuse of discretion as to the measure or mode of penalty . . . imposed" (CPLR 7803 [3]). Here, the Supreme Court, instead of assessing whether the subject pleading stated a cause of action, determined the ultimate merits of the causes of action asserted pursuant to CPLR article 78 without the benefit of, inter alia, the respondents' answer or the full administrative record (*see* CPLR 3211 [a] [7]; 7803 [3], [4]; 7804). This was error (*see Matter MVM Construction, LLC v Westchester County*, 112 AD3d 635 [2013] [decided herewith]; *Matter of Grecco v Cimino*, 100 AD3d at 897; *Matter of Oddone v Suffolk County Police Dept.*, 96 AD3d at 760). The Supreme Court should have denied that branch of the respondents' motion which was to dismiss the causes of action asserted pursuant to CPLR article 78.

The Supreme Court further erred in granting that branch of the respondents' motion which was to dismiss the causes of action for a judgment declaring, inter alia, that ECL article 27 preempts the County from regulating solid waste removal activities. "A motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration" (*Staver Co. v Skrobisch*, 144 AD2d 449, 450 [1988]; *see Matter of Grecco v Cimino*, 100 AD3d at 898; *State Farm Mut. Auto. Ins. Co. v Anikeyeva*, 89 AD3d 1009, 1010 [2011]; *cf. Matter of 24 Franklin Ave. R.E. Corp. v Heaship*, 74 AD3d 980, 980-981 [2010]).

Pursuant to CPLR 7804 (g), when a proceeding in which the "substantial evidence issue specified in question four of section 7803 . . . is raised . . . comes before [the appellate division], whether by appeal or transfer, the appellate division shall dispose of all issues in the proceeding, *or, if the papers are insufficient, it may remit the proceeding*" (emphasis added). Since this matter came before us on an appeal, and the record on appeal does not contain an answer or the full administrative record, the papers before us are insufficient, and do not afford us the opportunity to properly and fully assess whether the challenged determination is supported by substantial evidence, or

whether the penalty imposed constituted an abuse of discretion. Accordingly, the matter must be remitted to the Supreme Court, Westchester County, for the service and filing of an answer to the petition and the complete administrative record (*see* CPLR 7804 [d], [e]), and for further proceedings thereafter on the causes of action asserted pursuant to CPLR article 78. To the extent that any other objections in point of law that might be raised by the respondents do not terminate the proceeding, these further proceedings shall include the transfer to this Court of all of the causes of action asserted pursuant to CPLR article 78 (*see* CPLR 7804 [g]; *Matter of MVM Construction, LLC v Westchester County*, 112 AD3d 635 [2013] [decided herewith]).

The causes of action for a judgment declaring, inter alia, that ECL article 27 preempts the County from regulating waste removal activities must be remitted to the Supreme Court, Westchester County, for severance and further proceedings thereon, and the entry of an appropriate amended judgment thereafter in connection with those causes of action (*see Matter of Colortone Camera, Inc. v New York State Compensation Ins. Rating Bd.*, 102 AD3d 962, 964 [2013]; *Matter of Huntington Hills Assoc., LLC v Town of Huntington*, 49 AD3d 647 [2008]). Those causes of action must be severed because a declaratory judgment action, or a cause of action seeking a declaratory judgment, are not subject to CPLR 7804 (g) and, thus, may not be transferred to this Court along with the causes of action seeking substantial evidence review and other relief pursuant to CPLR article 78 (*see Matter of Colortone Camera, Inc. v New York State Compensation Ins. Rating Bd.*, 102 AD3d at 964; *Matter of Huntington Hills Assoc., LLC v Town of Huntington*, 49 AD3d 647 [2008]). Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.