In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Westchester County Consumer Protection Department dated July 18, 2011, denying the petitioner’s application for a Home Improvement License, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Cacace, J.), entered February 29, 2012, which granted the motion of Westchester County, Westchester County Consumer Protection Department, and John E Gaccione, Acting Director of the Westchester County Consumer Protection Department & County Sealer, pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition, and dismissed the proceeding.
Ordered that the order and judgment is reversed, on the law, with costs, the motion pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for the service and filing of an answer and the administrative record within 20 days after the date of this decision and order, and for further proceedings on the petition in accordance herewith.
The petitioner submitted an application for a Home Improvement License to the Westchester County Department of Consumer Protection (hereinafter the DCP). The petitioner failed to disclose, in response to a direct inquiry, that its principal had had prior trade licenses denied, suspended, or revoked. The DCP denied the application on the ground that the petitioner made a false statement of a material fact. After an evidentiary hearing directed by law (see County of Westchester Consumer Protection Code § 863.316 [2]), at which the petitioner, by its counsel, claimed that the response was inadvertently made in haste, the Administrative Law Judge (hereinafter ALJ), upon determining that the explanation was not credible, recommended affirming the denial of the license *636 application. The DCP adopted the ALJ’s recommendation, and affirmed the denial of the application. Thereafter, the petitioner commenced the instant proceeding against Westchester County, the DCP, and John R Gaccione, Acting Director of the Westchester County Consumer Protection Department & County Sealer (hereinafter collectively the respondents), seeking to annul the DCP’s determination. The respondents moved pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition for failure to state a cause of action. The Supreme Court concluded that the petition failed to state a cause of action, and granted the motion to dismiss the petition.
The Supreme Court erred in granting the respondents’ motion pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition. “On a motion to dismiss a pleading pursuant to CPLR 3211 (a) (7), all of the allegations in the petition are deemed true and the petitioner is afforded the benefit of every favorable inference” (Matter of Grecco v Cimino, 100 AD3d 892, 897 [2012]; see Matter of Oddone v Suffolk County Police Dept., 96 AD3d 758, 760 [2012]; Matter of Kar-McVeigh, LLC v Zoning Bd. of Appeals of Town of Riverhead, 93 AD3d 799, 800 [2012]). In determining such a motion in a proceeding such as the instant one, the sole criterion is whether the petition sets forth allegations sufficient to make out a claim that the determination sought to be reviewed was not “supported by substantial evidence” (CPLR 7803 [4]; see Matter of Spry v Delaware County, 253 AD2d 178, 180-182 [1999]; cf. Matter of Grecco v Cimino, 100 AD3d at 897; Matter of Oddone v Suffolk County Police Dept., 96 AD3d at 760). Here, contrary to the Supreme Court’s determination, the complaint adequately alleges a cognizable cause of action for relief on the ground that the DCP’s determination, which was made after a quasi trial-type hearing directed by law (see County of Westchester Consumer Protection Code § 863.316 [2]), was not supported by substantial evidence.
The parties’ remaining contentions either are without merit or need not be addressed in light of our determination.
Accordingly, the Supreme Court should not have granted the respondents’ motion to dismiss the petition.
Pursuant to CPLR 7804 (g), when a proceeding in which the “substantial evidence issue specified in question four of section 7803 ... is raised . . . comes before [the appellate division], whether by appeal or transfer, the appellate division shall dispose of all issues in the proceeding, or, if the papers are insufficient, it may remit the proceeding” (emphasis added). Since this matter came before us on an appeal, and the record on appeal does not contain an answer or the full administrative rec *637 ord, the papers before us are insufficient, and do not afford us the opportunity to properly and fully assess whether the challenged determination is supported by substantial evidence (see Matter of Spry v Delaware County, 253 AD2d at 182 n 3). Accordingly, the matter must be remitted to the Supreme Court, Westchester County, for the service and filing of an answer to the petition and the complete administrative record (see CPLR 7804 [d], [e]), and for further proceedings on the petition. To the extent that any other objections in point of law that might be raised by the respondents do not terminate the proceeding, these further proceedings shall include the transfer of the proceeding to this Court (see CPLR 7804 [g]; Matter of Spry v Delaware County, 253 AD2d at 182 n 3). Dillon, J.E, Angiolillo, Dickerson and Cohen, JJ., concur.