*802 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by reinstating the second decretal paragraph of the order of Special Term annulling condition (e) of respondent’s decision and resolution dated May 20, 1980, as amended by resolution dated July 15, 1980, which required that petitioners widen the adjoining roadway to a width of 20 feet. The order, as so modified, should be affirmed, with costs to petitioners.
Petitioners offered no evidence showing that the engineering, legal or clerical fees imposed on them were either unnecessary or disproportionate to the village’s projected costs. Consequently, petitioners cannot be heard to complain that the planning board, in imposing those fees, acted arbitrarily or capriciously. (Suffolk County Bldrs. Assn. v County of Suffolk, 46 NY2d 613; Jewish Reconstructionist Synagogue of North Shore v Incorporated Vil. of Roslyn Harbor, 40 NY2d 158.) This is especially so since the village code requires that unexpended portions of such fees be refunded to petitioners.
With respect to the requirement that petitioners install suitable drainage facilities, the record indicates that the water table is unusually high in many areas of the village. It was reasonable, therefore, for the board, in the interest of promoting the health and welfare of the community, to require that petitioners provide facilities to insure proper drainage of their property as a condition for approval of their subdivision plat. Petitioners’ contention that the subsoil composition in the area makes drainage facilities unnecessary is not supported by the record.
The requirement that petitioners widen and pave the 250-foot section of the roadway adjoining their property was arbitrary and capricious since that condition bears no relationship to the promotion of public health and safety. Moreover, the requirement that petitioners widen the roadway adjoining their property would result in the destruction of healthy and aesthetically pleasing trees, contrary to the stated objective of the planning board to preserve trees in the village, whenever possible. (Village Code, § 66-16[A].) Four houses are currently located on the *803 roadway. Petitioners’ plans call for the eventual addition of two more. The record is devoid of evidence supporting respondent’s contention that the addition of two families will cause a significant increase in traffic congestion necessitating the widening of the road. Moreover, since petitioners were required to widen only that section of the roadway adjoining their property, the board’s determination, if upheld, would result in the roadway being 20-feet wide in front of petitioners’ property while the remaining 1,250 feet on either side of petitioners’ property would remain at its present 12- to 16-foot width. The resulting configuration of the road, complete with a 250-foot midpoint bulge, would neither promote traffic safety nor relieve traffic congestion. Indeed, the gradual narrowing of the roadway as one passed petitioners’ property might very well increase the risk of traffic accidents.
Since the requirement that petitioners widen the roadway adjoining their property would result in the destruction of healthy and aesthetically pleasing trees, contrary to the stated objective of the planning board, and since there is no evidence in the record showing that the widening of the roadway is necessary to promote the safety or well-being of the community by controlling traffic congestion and enhancing traffic safety, the board’s determination with respect to that requirement was arbitrary and capricious and cannot stand.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur; Judge Simons taking no part.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order modified, with costs to petitioners, in accordance with the memorandum herein and, as so modified, affirmed.