■ In the Matter of KARL AHLERS, Appellant, v DENIS DILLON, as District Attorney of the County of Nassau, Respondent.—In a proceeding pursuant to CPLR article 78 to compel the respondent to disclose certain documents to the petitioner under Public Officers Law article 6, the petitioner appeals from (1) a judgment of the Supreme Court, Nassau County (Ain, J.), entered February 13, 1986, which denied the petition without prejudice to the petitioner refiling "proper papers designating the Supreme Court of Ulster County, New York, as proper venue", and (2) so much of an order of the same court, entered February 4, 1987, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the judgment is dismissed, without costs or disbursements, as it was superseded by the order made upon reargument; and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The petitioner contends that the Supreme Court, Nassau County, was required to hold a hearing on the question of

whether the desired documents were in the possession of the respondent. The contention is without merit. The petitioner commenced the instant proceeding against the respondent District Attorney of the County of Nassau to obtain, pursuant to the Freedom of Information Law (Public Officers Law art 6), all documents in the respondent's possession relating to the petitioner's 1981 arrest in Ulster County, New York, which culminated in a judgment of the County Court, Ulster County, convicting him of multiple criminal offenses. An Assistant District Attorney employed by the respondent submitted an affirmation demonstrating that his office had searched for and was not in possession of any such information and asserting that such records would most likely be in the possession of the Ulster County District Attorney's office. The Supreme Court, Nassau County, acted properly in dismissing the proceeding without a hearing, as the court was entitled to rely upon the representation of the prosecutor that the desired records were not in the respondent's possession, and the petitioner was unable to "articulate a factual basis" for his claim to the contrary *(People v Poole,* 48 NY2d 144, 149). Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.