■ In the Matter of UNITED FOOD AND COMMERCIAL WORKERS, DISTRICT UNION, LOCAL ONE et al., Appellants, v CITY OF SCHENECTADY INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents. [612 NYS2d 477] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Brown, J.), entered January 22, 1993 in Saratoga County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to compel respondents to release certain records requested under the Freedom of Information Law.

In December 1991 and January 1992, petitioners, various unions and union presidents, wrote to respondent Connecticut National Bank (hereinafter CNB),[1] as trustee under an Indenture of Trust dated October 15, 1987, seeking disclosure of all financial documents submitted by the Golub Corporation pertaining to a $15 million issuance of industrial revenue bonds in November 1987 by respondent City of Schenectady Industrial Development Corporation (hereinafter SIDA) and also receipts submitted to CNB for equipment purchased with funds from the bonds. Thereafter, petitioners filed their Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL) request directly with SIDA. SIDA responded that it did not have the documents requested but gave access to certain project documents it did have in its possession. CNB responded that it was not subject to the requirements of FOIL. Petitioners commenced this proceeding to compel SIDA to obtain the documents from CNB and make them available to petitioners. Supreme Court granted motions to dismiss the petition by SIDA and CNB, finding that SIDA did not possess the requested documents, CNB was not subject to the requirements of FOIL and CNB was not a "repository for SIDA's records". Petitioners appeal.

The dispositive issue is whether the requested records, concededly in the possession of CNB, are records of an agency within the meaning of Public Officers Law § 86 (4).[2]

---

1. CNB is a national banking association with its principal offices in Hartford, Connecticut and is not chartered or incorporated under the laws of the State of New York.

2. In relevant part Public Officers Law § 86 (4) provides: " 'Record' means any information kept, held, filed, produced or reproduced by, with or for an agency".

Petitioners' FOIL claim is premised upon the argument that CNB is the agent or trustee of the bond fund for SIDA. We find this argument unpersuasive. When the bonds were issued, SIDA assigned all of its rights in the bonds to CNB, in trust "for the equal and proportionate benefit, security and protection of all present and future holders and owners of the bonds". Therefore, CNB's expressly defined role under the Indenture of Trust is to act as trustee for the bondholders, not SIDA.[3] Contrary to petitioners' claim, we find no agency relationship between SIDA and CNB, nor any statutory or contractual obligation on the part of CNB to maintain records by or for SIDA. Under the circumstances herein, we conclude that the records in question are those of a private entity, not an "agency" (see, Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557), held for the beneficiaries of the trust and therefore not subject to disclosure under the statute (see, Public Officers Law §§ 84, 86 [3]; § 87 [2]). The cases cited by petitioners involving FOIL disclosure of records of a "private" nature are distinguishable, as they all involve records actually possessed by an agency (see, Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen, 69 NY2d 246; Matter of Washington Post Co. v New York State Ins. Dept., supra) or prepared at the request of an agency (see, Matter of Xerox Corp. v Town of Webster, 65 NY2d 131). Here, SIDA never had possession of the requested documents nor requested CNB to prepare them.

Finally, because SIDA claimed that the requested documents were not in its possession, absent evidence that CNB was holding the documents for SIDA, dismissal of the petition against it was also warranted (see, Matter of Ahlers v Dillon, 143 AD2d 225, 226). It is unnecessary to address any of the other contentions raised by the parties.

Mercure, White, Weiss and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

---

**3.** This determination is further supported by statute (see, e.g., General Municipal Law § 864 [3] [h]; § 878 [2], [6]).