■ ENCORE COLLEGE BOOKSTORES, INC., Appellant, v AUXILIARY SERVICE CORPORATION OF THE STATE UNIVERSITY OF NEW YORK AT FARMINGDALE et al., Respondents. [622 NYS2d 684]

—Order and judgment (one paper), Supreme Court, New York County (William McCooe, J.), entered on or about October 13, 1994, which denied the petition and dismissed the CPLR article 78 proceeding brought under the Freedom of Information Law, to compel respondent State University of New York at Farmingdale ("SUNY Farmingdale"), its agents and/or employees, to produce the booklist information for the upcoming semester's course materials as established by its faculty, unanimously affirmed, without costs.

Petitioner has failed to demonstrate that the information requested was either created or obtained by the respondent State college, or was in its possession and control at the time the Freedom of Information Law request was made *(see, Department of Justice v Tax Analysts,* 492 US 136, 144-145), and in light of a showing to the contrary, the IAS Court properly dismissed the petition as against the college upon the affidavit of the college's Associate Vice President for Finance, without a hearing *(see, Matter of Ahlers v Dillon,* 143 AD2d 225).

We reject petitioner's invitation to find respondent Auxiliary Service Corporation to be an "alter ego" of the college for purposes of compelling the college to collect the information from that entity. In any event, assuming *arguendo,* that the Auxiliary Service Corporation is a governmental agency pursuant to Public Officers Law § 86 (3), the material sought nevertheless would be exempt pursuant to Public Officers Law § 87 (2) (d), because respondents have sufficiently demonstrated that allowing petitioner to take advantage of information gathered at the expense of the Auxiliary Service Corporation's subcontractor would cause substantial injury to the competitive position of that commercial enterprise.

The unpublished decision and order of this Court entered herein on February 7, 1995 is hereby recalled and vacated. Concur—Ellerin, J. P., Asch, Nardelli and Williams, JJ.

Kupferman, J., concurs solely on the basis of Public Officers Law § 87 (2) (d).