OPINION OF THE COURT
Joseph N. Giamboi, J.
In this proceeding brought pursuant to CPLR 7803 (1), petitioner Anthony Anzalone seeks an order directing the respondents to turn over to petitioner records related to his arrest and indictment in December of 1987 and that his entire criminal file be turned over for an in camera inspection of the *160 above records and related documents, pursuant to the Freedom of Information Law (hereinafter FOIL) (Public Officers Law art 6).
The petitioner, a prison inmate, seeks documents in connection with his arrest and conviction for criminal possession of a controlled substance in the first degree and criminal sale of a controlled substance in the first degree. On December 1, 1988 petitioner was found guilty of the charges and on June 13, 1989 petitioner was sentenced to 20 years to life.
Section 89 (3) of the Public Officers Law, FOIL, provides, in relevant part: “Each entity subject to the provisions of this article * * * shall make such record available to the person requesting it * * * the entity shall provide a copy of such record and certify to the correctness of such copy * * * or as the case may be, shall certify that it does not have possession of such record or that such record cannot be found after diligent search”.
Respondents have submitted the affidavit of Assistant District Attorney Leslie Catherine Perrin certifying that, after diligently searching for the files, they cannot be located, and thus were not in respondents’ possession.
In reviewing the submitted papers the court finds that the respondents provided a sufficiently detailed basis to support and demonstrate that the respondents’ office did conduct a diligent search for the records and were unable to locate them. (Matter of Smith v Capasso, 200 AD2d 502 [1st Dept]; Matter of Calvin K. of Oakknoll v De Francesco, 200 AD2d 619 [2d Dept].)
Further, the respondents provided a sufficiently detailed basis to support their claims of nonpossession and exemption to negate the necessity of an in camera review of the documents. (Matter of Smith v Capasso, supra; Matter of Fink, v Lefkowitz, 47 NY2d 567.) The petitioner has failed to offer a factual basis for his claim to the contrary (see, Matter of Ahlers v Dillon, 143 AD2d 225) but, instead, offered only speculation regarding the respondents’ failure to locate a file from 10 years ago. (See, Matter of Corbin v Ward, 160 AD2d 596; Matter of Calvin K. of Oakknoll v De Francesco, 200 AD2d 619, supra.)
Accordingly, petitioner’s CPLR article 78 application is denied in its entirety, and the proceeding dismissed.