■ In the Matter of LOUKOUMI, INC. GUS AVLONITIS, Appellant; NIKOLAOS MARGARITIS et al., Respondents. [728 NYS2d 383] —In a hybrid proceeding, *inter alia,* pursuant to Business Corporation Law § 1104 for judicial dissolution of Loukoumi, Inc., and an action for a judgment declaring that the petitioner is a 50% shareholder in Loukoumi, Inc., the petitioner appeals from an order of the Supreme Court, Queens County (Dye, J.), dated October 15, 1999, which, *inter alia,* granted the respondents' motion to dismiss the petition.

Ordered that the order is modified by deleting the provision thereof granting those branches of the respondents' motion which were to dismiss the first, second, and fourth causes of action, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The petitioner formed Loukoumi, Inc. (hereinafter Loukoumi), in 1998 for the purpose of owning and operating a restaurant. He allegedly accepted the offer of the respondent Nikolaos Margaritis to fund the cost of renovation of the restaurant in exchange for 50% ownership of Loukoumi. The petitioner claims that in March 1999, after disagreements over

the operation of the restaurant, Margaritis changed the locks on the front doors, prohibiting access by the petitioner. In May 1999 the petitioner commenced this proceeding, *inter alia*, for the judicial dissolution of Loukoumi pursuant to Business Corporation Law § 1104 (a) (2). The respondents moved to dismiss the petition pursuant to CPLR 3211 (a) (1) and (7). The parties submitted conflicting affidavits and affirmations as to whether the petitioner was a shareholder in Loukoumi. The Supreme Court determined that the petitioner failed to establish he was a 50% equity holder in Loukoumi and, among other things, granted the respondents' motion to dismiss the petition.

It is well settled that in determining a motion to dismiss pursuant to CPLR 3211 (a) (7), the "sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275). Although the facts pleaded are presumed to be true and afforded every favorable inference, bare legal conclusions and factual claims which are contradicted by the record are not presumed to be true (*see, Doria v Masucci*, 230 AD2d 764, 765; *Meyer v Guinta*, 262 AD2d 463).

Applying these principles here, the petitioner demonstrated viable causes of action for declaratory relief, dissolution of the corporation, and an accounting. The documentary evidence submitted by the respondents did not definitively dispose of these causes of action (*see,* CPLR 3211 [a] [1]; *Juliano v McEntee*, 150 AD2d 524).

The petitioner's remaining contentions are without merit. Krausman, J. P., S. Miller, Schmidt and Adams, JJ., concur.