■ In the Matter of John Covington, Appellant, v John Sultana et al., Respondents. [872 NYS2d 119]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered June 13, 2008, which, in a proceeding to compel respondents to respond to petitioner's Freedom of Information Law (FOIL) request for "the actual memo books and notes" of certain Police Department personnel regarding certain crimes, denied the application as moot and dismissed the petition, unanimously affirmed, without costs.

The proceeding was rendered moot by the October 26, 2007 letter from respondents' Records Access Officer certifying that, after a diligent search, all memo book entries responsive to the request had been found and were being turned over (*see Matter of Rattley v New York City Police Dept.*, 96 NY2d 873, 875 [2001]; *Matter of Babi v David*, 35 AD3d 266 [2006]). A different result is not required by the fact that, after petitioner appealed the October 26, 2007 determination, more responsive memo book entries were found and turned over, where, before the issuance of the order on appeal, respondents had turned over the additional entries and certified for the second time that, after a diligent search, no further responsive records were in their possession (*see Matter of Madrassa Community Coalition v New York City Dept. of Educ.*, 20 Misc 3d 1116[A], 2008 NY Slip Op 51367[U], *6 [2008]). To the extent the proceeding can be viewed as a challenge to the responsiveness of the records that were turned over, petitioner is not entitled to the original black memo books actually carried by the police officers at the time of the events in question, but only to copies thereof with appropriate redactions, because redactions of exempt material were necessary (*see* Public Officers Law § 87 [2] [b], [e]; *see Matter of Brown v Goord*, 45 AD3d 930, 932-933 [2007], *lv dismissed* 10 NY3d 796 [2008]). Petitioner's request for records pertaining to police interviews of all witnesses to the crimes is an expansion of his original FOIL request and was not raised in his CPLR article 78 petition. Accordingly, petitioner has not exhausted his administrative remedies with respect to this expanded request (*see Matter of Carty v New York City Police Dept.*, 41 AD3d 150 [2007]). We have considered petitioner's other arguments and find them unavailing. Concur—Gonzalez, J.P., Buckley, Catterson, McGuire and Acosta, JJ.