■ In the Matter of GREGORY BOOMER, Appellant, v NEW YORK STATE POLICE DEPARTMENT, Respondent. [875 NYS2d 334]—

McCarthy, J. Appeal from a judgment of the Supreme Court (Platkin, J.), entered May 9, 2007 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

In 2006, petitioner, an inmate at Attica Correctional Facility in Wyoming County, filed a request under the Freedom of Information Law (see Public Officers Law art 6) for "a copy of 'the lab log book,' in and out entries . . . received [on July 11, 1991]." Following a search of its files, respondent informed petitioner that it was unable to locate a "lab log book," but did provide him with two evidence submission records and two return receipts pertinent to the case numbers he had referenced in his request. Dissatisfied with that response, petitioner appealed to the Records Appeal Officer of the Division of State Police. His appeal was denied by William Callahan, the State Police Administrative Director, who advised him that, notwithstanding a second diligent search, the requested lab book could not be located. Petitioner subsequently commenced this CPLR article 78 proceeding seeking to compel respondent

to provide him with the lab book. Granting respondent's motion, Supreme Court dismissed the petition, prompting this appeal.

We affirm. Petitioner concedes, in his pro se brief to this Court, that certification of its inability to locate the requested document following a diligent search satisfied respondent's obligation pursuant to the Freedom of Information Law (see Public Officers Law § 89 [3] [a]; *Matter of Rattley v New York City Police Dept.*, 96 NY2d 873, 875 [2001]). Consequently, petitioner's request to compel is moot (see *Matter of Fuentes v Fischer*, 56 AD3d 919, 920-921 [2008]).

Petitioner's remaining contentions, to the extent that they are properly before us, have been reviewed and found to be without merit.

Cardona, P.J., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.