■ In the Matter of ERNEST CURRY, Appellant, v NASSAU COUNTY SHERIFF'S DEPARTMENT et al., Respondents. [893 NYS2d 148]—

The Supreme Court properly denied the petitioner's motion to hold the respondents in civil contempt without holding a hearing to determine whether they conducted a diligent search to locate the videotapes he requested pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.* [hereinafter FOIL]). The respondents' letter certifying that the requested videotapes could not be located after a diligent search satisfied their obligation under Public Officers Law § 89 (3), which "does not specify the manner in which an agency must certify that documents cannot be located" *(Matter of Rattley v New York City Police Dept.,* 96 NY2d 873, 875 [2001]; *see Matter of Boomer v New York State Police Dept.,* 60 AD3d 1218, 1219 [2009]; *Matter of Covington v Sultana,* 59 AD3d 163, 164 [2009]; *Matter of Franklin v Schwartz,* 57 AD3d 338 [2008]; *Matter of Robert v LoCicero,* 28 AD3d 566, 567 [2006]; *Matter of Daum v Tessler,* 24 AD3d 214, 215 [2005]; *Matter of Marino v New York City Police Dept., Records Access Officer,* 16 AD3d 193 [2005]; *Matter of Rodriguez v Dillon,* 210 AD2d 416, 417 [1994]). The letter also was sufficient to comply with the court's judgment requiring the respondents to reconsider the petitioner's August 11, 2005, FOIL request. Furthermore, the petitioner failed to offer a

factual basis upon which to reject the respondents' certification that the requested videotapes could not be located after a diligent search (*see Matter of Daum v Tessler*, 24 AD3d at 215; *Matter of Calvin K. of Oakknoll v De Francesco*, 200 AD2d 619 [1994]; *Matter of Ahlers v Dillon*, 143 AD2d 225, 226 [1988]). Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.