In the Matter of DELISA MILLER, Appellant, v GERALD MULLIGAN, Commissioner of the Westchester County Department of Planning, et al., Respondents. [900 NYS2d 381]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Department of Planning dated November 7, 2007, which terminated the petitioner's eligibility to participate in the Section 8 Rental Housing Choice Voucher Program (*see* 42 USC § 1437f [b] [1]), the petitioner appeals from an order of the Supreme Court, Westchester County (R. Bellantoni, J.), entered March 12, 2009, which granted the motion of the respondents Gerald Mulligan, Commissioner of the Westchester County Department of Planning, the Westchester County Department of Planning, Division of Housing and Community Development, and the Westchester County Section 8 Rental Assistance Program pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition for failure to state a cause of action.

Ordered that the notice of appeal from the order is deemed to be an application for leave to appeal from the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

On April 13, 2007, the respondents Gerald Mulligan, Commissioner of the Westchester County Department of Planning, the

Westchester County Department of Planning, Division of Housing and Community Development, and the Westchester County Section 8 Rental Assistance Program (hereinafter collectively the respondents), issued the petitioner a Housing Choice Voucher (hereinafter the voucher) under the federal Section 8 Rental Housing Choice Voucher Program (hereinafter the program) created by section 8 of the United States Housing Act of 1937 (*see* 42 USC § 1437f [b] [1]). Although the voucher initially expired after 2 months, the respondents extended the term of the voucher on at least three separate occasions, so that it expired on October 13, 2007, representing the maximum permissible 180-day term of the voucher. Although both the petitioner and the landlord of the unit that the petitioner wished to rent signed several documents required by the respondents during the period when the voucher was in effect, the landlord failed to submit a signed residential lease to the respondents during that period, despite at least one written request by the respondents that it do so, and several telephone conversations in which the respondents informed the petitioner that they had yet to receive the signed lease. The record reveals that, during the term of the voucher, the petitioner made no attempts to locate another landlord who would accept her voucher and lease a residential unit to her. By letter dated November 7, 2007, the respondents, based on the expiration of the voucher, terminated the petitioner's eligibility to participate in the program. One week later, the respondents informed the petitioner during a telephone conversation that she could reapply for eligibility to participate in the program.

The petitioner commenced the instant proceeding pursuant to CPLR article 78, seeking to annul the respondents' determination on the ground, inter alia, that their unreasonable delays in processing her rental assistance application caused the termination of the voucher. The facts as alleged in the petition, however, reveal that the gravamen of the petitioner's challenge was that the *landlord* unreasonably delayed in returning a signed lease to the respondents, that the respondents did not do more to compel the landlord to submit the signed lease to them, and that the respondents should have extended the term of the voucher beyond the 180-day maximum fixed both by federal regulation and the Section 8 Administrative Plan of the New York State Division of Housing and Community Renewal (hereinafter the Administrative Plan) promulgated by that agency to implement the United States Housing Act of 1937 (*see* 24 CFR 982.303; Administrative Plan § 2.01; *see generally* 24 CFR 982.54). The respondents moved pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition for failure to state a cause of action. The Supreme Court granted the motion, and we affirm.

On a motion to dismiss pursuant to CPLR 3211 and 7804 (f), all of the allegations of the petition are deemed true and afforded the benefit of every favorable inference (*see Matter of Bloodgood v Town of Huntington*, 58 AD3d 619, 621 [2009]; *Matter of Long Is. Contractors' Assn. v Town of Riverhead*, 17 AD3d 590, 594 [2005]). Here, the petition failed to set forth allegations sufficient to make out a claim that the respondents' termination of the petitioner's Section 8 voucher was "made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]). Accordingly, the Supreme Court properly granted the respondents' motion pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition for failure to state a cause of action. Rivera, J.P., Florio, Miller and Austin, JJ., concur.