■ In the Matter of KAR-MCVEIGH, LLC, Respondent, v ZONING BOARD OF APPEALS OF TOWN OF RIVERHEAD el al., Appellants. [941 NYS2d 843]—In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Riverhead dated August 27, 2009, which, after a hearing, dismissed the petitioner/plaintiff's application for an interpretation of a zoning ordinance and to review determinations of the Director of Planning of the Town of Riverhead that the construction of a temporary tent and barn

for use as catering facilities on the petitioner/plaintiff's property constituted a physical extension of a legal preexisting nonconforming use that required a special permit, and action, among other things, to recover damages for a violation of constitutional rights under color of state law and for a judgment declaring that the construction of the proposed temporary tent and barn for use as catering facilities does not constitute a physical extension of a legal preexisting nonconforming use, the respondents/defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated September 7, 2010, as denied their motion pursuant to CPLR 7804 (f) and 3211 (a) (7) to dismiss the petition/complaint.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On a motion to dismiss pursuant to CPLR 7804 (f) and 3211 (a) (7), all of the allegations in the petition/complaint are deemed true and the petitioner/plaintiff is afforded the benefit of every favorable inference (see Matter of Miller v Mulligan, 73 AD3d 781, 783 [2010]; Matter of Bloodgood v Town of Huntington, 58 AD3d 619, 621 [2009]). Here, the appellants did not and do not argue that an objection in point of law constitutes a defense to the petition, or that the causes of action for a declaratory judgment and to recover damages failed to state a cause of action. Instead, the appellants' contentions in the Supreme Court only addressed the merits of the petition/complaint. Moreover, the Supreme Court correctly determined that the allegations in the petition/complaint fit within cognizable legal theories (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]).

Accordingly, the appellants' motion pursuant to CPLR 7804 (f) and 3211 (a) (7) to dismiss the petition/complaint was properly denied. Skelos, J.P., Dickerson, Belen and Miller, JJ., concur.