■ In the Matter of ANTHONY ODDONE, Appellant, v SUFFOLK COUNTY POLICE DEPARTMENT et al., Respondents. [946 NYS2d 580]—

In a proceeding pursuant to CPLR article 78 to review a determination of Christopher Gatto, FOIL Appeals Officer, dated December 15, 2010, which, upon a request pursuant to the Freedom of Information Law (Public Officers Law art 6), upon the release by the Suffolk County Police Department of only certain documents to the petitioner, and without a hearing, released only certain additional documents to the petitioner and found that no other responsive documents could be located, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Jones, Jr., J.), dated May 31, 2011, which granted those branches of the motion of the Suffolk County Police Department, Steve Levy, Christine Malafi, and Christopher Gatto which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the petition, and dismissed the proceeding.

Ordered that the order and judgment is reversed, on the law, with costs, those branches of the motion of the Suffolk County Police Department, Steve Levy, Christine Malafi, and Christo-

pher Gatto which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the petition are denied, and the petition is reinstated.

The petitioner filed a request pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) for the production of certain investigative files and records related to his own criminal case which were allegedly maintained by the Suffolk County Police Department (hereinafter the Police Department). The Police Department initially produced 78 pages of documents in response to his request.

The petitioner sought review of this response from the Police Department's FOIL Appeals Officer (hereinafter the Appeals Officer) (see Public Officers Law § 89 [4] [a]). The petitioner maintained that the Police Department failed to conduct a thorough search for all of the records and files relating to his criminal case, as evidenced by the fact that the Police Department's response did not even include all of the documents that had previously been turned over to him during the course of his criminal trial pursuant to People v Rosario (9 NY2d 286 [1961], cert denied 368 US 866 [1961]). The Appeals Officer turned over 10 pages of additional documents, but determined that there were no other documents relating to the petitioner's criminal case. The Appeals Officer stated that he had "been informed" by an unspecified source that, after a diligent search, no other responsive documents could be located.

The petitioner commenced this CPLR article 78 proceeding to review the Appeals Officer's determination to release only the limited number of documents to the petitioner and his finding that no other responsive documents could be located. The petition alleged that one of the officers who conducted the investigation of the petitioner's criminal case testified that more than 70 witnesses had been interviewed, but that notes from interviews with only 18 witnesses had been turned over. The petition further alleged that the officer had a six-inch-thick binder of documents with him when he took the stand at the criminal trial, and that he referred to it to refresh his recollection of the investigation throughout his testimony. The petition alleged that the disparity between the volume of documents in the binder and the documents produced in response to the petitioner's request indicated the existence of additional responsive documents.

Prior to interposing an answer (see CPLR 7804 [f]), the Police Department, the Appeals Officer, Steve Levy, as Suffolk County Executive, and Christine Malafi, as Suffolk County Attorney (hereinafter collectively the respondents) moved, inter alia, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the petition. The

respondents maintained that the Police Department had conducted a diligent search and had produced all documents responsive to the petitioner's FOIL request. As proof that a diligent, albeit unsuccessful, search had been conducted, the respondents submitted the determination of the Appeals Officer.

The Supreme Court concluded that the determination of the Appeals Officer demonstrated that the Police Department had conducted a diligent search for additional responsive documents, but that none could be located. In the order and judgment appealed from, the Supreme Court granted those branches of the respondents' motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the petition, and dismissed the proceeding. The petitioner appeals, and we reverse.

On a motion to dismiss a pleading pursuant to CPLR 3211 (a) (7), all of the allegations in the petition are deemed true and the petitioner is afforded the benefit of every favorable inference (*see Matter of Kar-McVeigh, LLC v Zoning Bd. of Appeals of Town of Riverhead*, 93 AD3d 799, 800 [2012]; *Matter of Miller v Mulligan*, 73 AD3d 781, 783 [2010]). In determining such a motion, the sole criterion is whether the petition sets forth allegations sufficient to make out a claim that the determination sought to be reviewed was "made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; *see Matter of Kar-McVeigh, LLC v Zoning Bd. of Appeals of Town of Riverhead*, 93 AD3d at 800; *Matter of Miller v Mulligan*, 73 AD3d at 783; *see also Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). On a motion to dismiss based upon documentary evidence under CPLR 3211 (a) (1), dismissal is only warranted if the documentary evidence submitted conclusively establishes as a matter of law a defense to the asserted claims (*see Matter of Owens Rd. Assoc., LLC v Town Bd. of Town of Goshen*, 50 AD3d 908, 908 [2008]; *Matter of Loukoumi, Inc.*, 285 AD2d 595, 596 [2001]; *see also Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]).

The respondents contend, and the Supreme Court concluded, that the determination of the Appeals Officer conclusively established that a diligent search had been conducted and that no additional responsive documents could be found. This contention is without merit.

When an entity is unable to locate documents properly requested under FOIL, the entity is required to "certify that it does not have possession of [the requested] record or that such record cannot be found after diligent search" (Public Officers Law § 89 [3] [a]; *see Matter of Rattley v New York City Police*

*Dept.*, 96 NY2d 873, 875 [2001]). The statute does not specify the manner in which an agency must certify that documents cannot be located, and "[n]either a detailed description of the search nor a personal statement from the person who actually conducted the search is required" (*Matter of Rattley v New York City Police Dept.*, 96 NY2d at 875; *see Matter of Curry v Nassau County Sheriff's Dept.*, 69 AD3d 622 [2010]).

Here, the respondents rely on the determination of the Appeals Officer, which stated that, after a diligent search, no other responsive documents could be located. However, this determination was based on the Appeals Officer's own assertion that he had "been informed" that a diligent search had been conducted by an unidentified source. Since the determination of the Appeals Officer was not based on any evidence in the record, the respondents failed to conclusively demonstrate that the determination was not arbitrary and capricious (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of Verizon N.Y., Inc. v Mills*, 60 AD3d 958, 960 [2009]; *see also Matter of Coates v Planning Bd. of Inc. Vil. of Bayville*, 58 NY2d 800, 803 [1983]; *Matter of Witkowich v Zoning Bd. of Appeals of Town of Yorktown*, 84 AD3d 1101, 1104 [2011]; *cf. Matter of Curry v Nassau County Sheriff's Dept.*, 69 AD3d at 622; *Matter of Rodriguez v Dillon*, 210 AD2d 416, 417 [1994]).

Moreover, as the petitioner correctly contends, even where an entity properly certifies that it was unable to locate requested documents after performing a diligent search, the person requesting the documents may nevertheless be entitled to a hearing on the issue where he or she can "articulate a demonstrable factual basis to support [the] contention that the requested documents existed and were within the [entity's] control" (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 279 [1996]; *see Matter of Curry v Nassau County Sheriff's Dept.*, 69 AD3d at 622-623; *Matter of Ahlers v Dillon*, 143 AD2d 225, 226 [1988]). Here, the allegations contained in the petition, if proven, would provide a factual basis to support the petitioner's contention that additional documents relating to the criminal investigation of the petitioner's case exist and are within the Police Department's control. Accordingly, the respondents failed to conclusively establish as a matter of law a defense to the petition, and that branch of the respondents' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the petition should have been denied (*see Matter of Loukoumi, Inc.*, 285 AD2d at 596).

Furthermore, the allegations in the petition are sufficient to make out a claim that the determination of the Appeals Officer was "made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; *see Matter of Kar-McVeigh, LLC v Zoning Bd. of Appeals of Town of Riverhead*, 93 AD3d at 800; *Matter of Miller v Mulligan*, 73 AD3d at 783; *accord Matter of Curry v Nassau County Sheriff's Dept.*, 69 AD3d 622 [2010]). Accordingly, that branch of the respondents' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the petition should have been denied. Angiolillo, J.P., Lott, Roman and Miller, JJ., concur.