In a hybrid action, inter alia, for a judgment declaring that a certain tax deed conveying certain real property owned by 166-168 Main Street, LLC, to L&L Associates Holding Corp. is null and void, and proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Treasurer dated May 17, 2011, approving the issuance of that tax deed, L&L Associates, LLC, appeals, by permission, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered December 22, 2011, as denied its motion, in effect, pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the cause of action pursuant to CPLR article 78 insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs.
On a motion to dismiss a pleading pursuant to CPLR 3211 (a) *663 (7) and 7804 (f), all of the allegations in the pleading are deemed true and afforded the benefit of every favorable inference (see Matter of Kar-McVeigh, LLC v Zoning Bd. of Appeals of Town of Riverhead, 93 AD3d 799, 800 [2012]; Matter of Miller v Mulligan, 73 AD3d 781, 783 [2010]). Here, the petition/complaint alleges, inter alia, that the Nassau County Treasurer failed to provide the petitioner/plaintiff with actual notice of a tax lien sale in violation of Nassau County Administrative Code § 5-37.0, and in violation of a mortgagee’s due process right to constitutionally adequate notice of a tax lien sale (see generally Matter of McCann v Scaduto, 71 NY2d 164, 169-170 [1987]; Zamor v L&L Assoc. Holding Corp., 85 AD3d 1154, 1156 [2011]; Muzio v Alfano-Hardy, 73 AD3d 1144, 1145 [2010]). These allegations are sufficient to state a cause of action that the determination of the Nassau County Treasurer to approve the issuance of a tax deed conveying the subject property to the appellant was “made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion” (CPLR 7803 [3]). Accordingly, the Supreme Court properly denied the appellant’s motion, in effect, pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the cause of action pursuant to CPLR article 78 insofar as asserted against it. Rivera, J.P., Eng, Lott and Miller, JJ., concur.