■ In the Matter of RICHARD T. SAXTON et al., Appellants, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents. [967 NYS2d 447]—

Rose, J. Appeal from a judgment of the Supreme Court (McDonough, J.), entered January 25, 2012 in Albany County, which, among other things, partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul determinations of respondent Department of Taxation and Finance partially denying petitioner Kathleen M. Diina-Feldman's Freedom of Information Law requests.

In connection with a criminal proceeding against petitioner Richard T. Saxton, petitioner Kathleen M. Diina-Feldman, an employee of Saxton's attorney, filed a Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]) request with respondent Department of Taxation and Finance (hereinafter Department) seeking "any and all records and investigative files relative to the [Department], City of Saratoga Springs Police Department and Office of the Saratoga County District Attorney investigation of . . . Saxton." After an extended delay and an administrative appeal, the Department provided numerous documents to Diina-Feldman and the Department's records appeal officer certified that "[w]e have performed a diligent search for the records responsive to your FOIL request and I certify that we cannot locate any other records that are responsive to your request." Petitioners commenced this CPLR

---

article 78 proceeding contending, among other things, that a computer "screen shot" produced by the Department revealed the potential existence of additional entries relevant to the request that had not been disclosed. Relying on the Department's certification that a diligent search had been performed and no other records existed, Supreme Court denied the petition to the extent that it sought the production of the additional records related to the screen shot. After conducting an in camera review of certain documents that had been withheld, the court directed the Department to fully disclose one of the documents and partially disclose the redactions on two other documents. Supreme Court also denied petitioners' request for counsel fees and costs, concluding that they had not substantially prevailed. Petitioners appeal.

After petitioners filed their brief, the Department acknowledged that its prior representations that no documents related to the screen shot existed were not accurate and produced approximately 135 additional records. The Department maintained that it was not obligated to produce the records because they were not responsive to the FOIL request, but that it was doing so in order to correct the previous assertions that the records did not exist. Given the production of the additional records, petitioners' appeal on the issue of whether a hearing should have been held to determine their existence is moot (*see Matter of Rattley v New York City Police Dept.*, 96 NY2d 873, 875 [2001]; *Matter of Global Tel\*Link v State of N.Y. Dept. of Correctional Servs.*, 68 AD3d 1599, 1600 [2009]; *Matter of Covington v Sultana*, 59 AD3d 163, 164 [2009]).

With respect to the request for counsel fees, we find no basis to disturb Supreme Court's conclusion that, having secured the disclosure of only three additional documents out of the 18 sought, petitioners did not substantially prevail (*see Matter of Mazzone v New York State Dept. of Transp.*, 95 AD3d 1423, 1426 [2012]; *Matter of Mack v Howard*, 91 AD3d 1315, 1317 [2012]; *Matter of Henry Schein, Inc., v Eristoff*, 35 AD3d 1124, 1126 [2006]). Nevertheless, we remit the matter to Supreme Court for reconsideration of whether, in light of the additional disclosures, petitioners substantially prevailed and are thus entitled to counsel fees (*see Matter of TJS of N.Y., Inc. v New York State Dept. of Taxation & Fin.*, 89 AD3d 239, 243 [2011]; *Matter of New York State Defenders Assn. v New York State Police*, 87 AD3d 193, 196-197 [2011]).

Peters, P.J., Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.