Matter of Cocchiaraley v Westchester County Health Care Corp. (2022 NY Slip Op 06004)

Matter of Cocchiaraley v Westchester County Health Care Corp.

2022 NY Slip Op 06004

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-08540
 (Index No. 60201/18)

[*1]In the Matter of Christopher Cocchiaraley, appellant, 
v
Westchester County Health Care Corporation, etc., respondent.

Christopher Cocchiaraley, Hartsdale, NY, appellant pro se.
Julie Switzer, Valhalla, NY (Barbara F. Kukowski of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from an order of the Supreme Court, Westchester County (George E. Fufidio, Jr., J.), dated July 1, 2019. The order, insofar as appealed from, in effect, upon reargument, adhered to a prior determination in a judgment of the same court dated January 30, 2019, granting the petition only to the extent of directing the respondent to search the emails of Eric Amoh and provide any responsive documents located therein, or, if the respondent was unable to locate any responsive documents, to file an affidavit providing that the respondent performed a diligent search.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On May 4, 2018, the petitioner filed a request pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) for the production of certain documents from the respondent, Westchester County Health Care Corporation. The respondent denied the petitioner's request and subsequently, in effect, denied the petitioner's administrative appeal.
Thereafter, the petitioner commenced this proceeding to compel the respondent to produce the documents requested in his May 4, 2018 FOIL request. The respondent answered the petition and submitted three affidavits in opposition. One of the affidavits certified that the requested documents could not be found despite a diligent search.
In a judgment dated January 30, 2019, the Supreme Court granted the petition only to the extent of directing the respondent to search the emails of Eric Amoh and provide any responsive documents located therein, or, if the respondent was unable to locate any responsive documents, to file an affidavit providing that the respondent performed a diligent search. Thereafter, the respondent provided an attorney affirmation and an affidavit of another individual, both of whom stated that they had searched the specified email account and were unable to locate the requested documents.
The petitioner subsequently moved for leave to reargue. In an order dated July 1, 2019, the Supreme Court, in effect, granted leave to reargue, and upon reargument, adhered to its [*2]prior determination. The petitioner appeals.
Contrary to the petitioner's contention, the respondent's certification that the requested documents could not be found despite a diligent search satisfied its obligation under Public Officers Law § 89(3) (see Matter of Rattley v New York City Police Dept., 96 NY2d 873; Matter of Livingston v Hynes, 72 AD3d 968, 968-969; Matter of Curry v Nassau County Sheriff's Dept., 69 AD3d 622). Furthermore, the petitioner failed to offer a factual basis upon which to reject the respondent's certification (see Matter of Curry v Nassau County Sheriff's Dept., 69 AD3d 622; Matter of Calvin K. of Oakknoll v De Francesco, 200 AD2d 619; Matter of Ahlers v Dillon, 143 AD2d 225). Accordingly, the Supreme Court properly, in effect, upon reargument, adhered to its determination in the judgment dated January 30, 2019.
In light of our determination, we need not reach the respondent's remaining contentions.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court