| |
|---|
| **Matter of Dearie Law Firm, P.C. v<br>New York City Hous. Auth.** |
| 2026 NY Slip Op 30815(U) |
| March 5, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 151176/2025 |
| Judge: Phaedra F. Perry-Bond |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. PHAEDRA F. PERRY-BOND** PART 35
*Justice*

-----------------------------------------------------------------X

MATTER OF THE DEARIE LAW FIRM, P.C.

Petitioner,

- v -

NEW YORK CITY HOUSING AUTHORITY,

Respondent.

For a Judgment under Article 78 of the Civil Practice Law
and Rules

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151176/2025 |
| MOTION DATE | 01/27/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1 through 31
were read on this motion to/for                ARTICLE 78 (BODY OR OFFICER)                .

Upon the foregoing documents, the Petition is granted in part and is otherwise denied as

moot, and the cross motion to dismiss is granted in part and denied in part.

This Petition is brought to enforce compliance with Public Officers Law §§ 84-90 (the

"Freedom of Information Law" or "FOIL"). On April 4, 2024, Petitioner submitted a FOIL request

for certain maintenance, repair, and complaint records over a three-year period for Respondent's

building located at 50 Debevoise Avenue, Brooklyn, New York (the "Premises"), but Respondent

purportedly and unilaterally extended the deadline to respond numerous times. On October 21,

2024, Petitioner filed an administrative appeal claiming the failure to provide a response to the

FOIL request constituted constructive denial of the request.

On November 4, 2024, the administrative appeal was granted and Respondent was directed

to produce the requested documents within thirty days (i.e., December 19, 2024). By December

31, 2024, Respondent had not produced the documents again extended the deadline for it to provide

a response to the FOIL request to February 14, 2025. Petitioner advised Respondent that its failure

**151176/2025 MATTER OF THE DEARIE LAW FIRM, P.C. vs. NEW YORK CITY HOUSING AUTHORITY
Motion No. 001**

**Page 1 of 4**

1 of 4

[* 1]

to complete the production by December 19, 2024 constituted non-compliance with the determination of the administrative appeal, and filed this Petition on January 28, 2025.

The parties stipulated to adjourn the Petition and on April 22, 2025, and Respondent cross moved to dismiss, arguing the Petition is moot as the response to the FOIL request is completed. Respondent advised Petitioner on February 24, 2025 that it completed its production of responsive records and Petitioner had 30 days to administratively appeal, but Petitioner did not administratively appeal. Respondent further argues that Petitioner is not entitled to attorneys' fees because (1) an award of fees is discretionary and not mandatory and (2) Petitioner did not prevail in this proceeding because Respondent produced the requested documents without a court order. Respondent also argues that it was engaged in a rolling production and had provided documents prior to the commencement of this action. In reply, Petitioner argues this action is not moot because Respondent still had not fully complied with its FOIL request.

The Petition is denied and the cross motion to dismiss is granted. Pursuant to Respondent's letter dated February 24, 2025, Respondent certified that after a diligent search, its productions on November 4, 2024, February 18, 2025, and February 24, 2025 produced the only non-privileged records responsive to Petitioner's FOIL request that were identified in Respondent's files. Petitioner challenged this production and more documents were produced in June of 2025.

Given Respondents' certification and Petitioner's failure to file any administrative appeal with respect to the February or June 2025 productions, this proceeding is moot (*Rattley v New York City Police Dept.*, 96 NY2d 873, 875 [2001]; *Covington v Sultana*, 59 AD3d 163, 164 [1st Dept 2009]; *Taylor v New York City Police Dept. FOIL Unit*, 25 AD3d 347 [1st Dept 2006]). Petitioner's challenge to the post-petition production is not warranted considering Petitioner has not amended

**151176/2025 MATTER OF THE DEARIE LAW FIRM, P.C. vs. NEW YORK CITY HOUSING AUTHORITY**
**Motion No. 001**

**Page 2 of 4**

the petition to challenge the later production (*see Hoffman v New York City Police Department*, 228 AD3d 504, 505 [1st Dept 2024]).

However, Petitioner has established a basis for fees. The bulk of the records sought were produced post-petition despite an administrative appeal directing their production pre-petition. Moreover, the record reflects Petitioner was still making a production in June of 2025 despite certifying in February of 2025 that the Petition was moot because document production was complete. The excuse for the delay in production is conclusory and simply asserts that NYCHA was "determining whether [it] ha[d] any responsive records" and was "continuing to follow up with the administrating department(s)." This is not a substantial excuse, and Respondent clearly did not comply with the requisite deadlines set forth both by the statute and in the administrative appeal decision. Therefore, Petitioner is entitled to an award of fees and shall submit a fee application within thirty days (*see, e.g. Hoffman, supra*; *see also Jaskaran v City of New York*, 210 AD3d 428 [1st Dept 2022]).

Accordingly, it is hereby,

ORDERED that the Petition is granted to the extent that Petitioner is entitled to an award of attorneys' fees and costs, and shall submit a fee application within thirty days of entry of this Decision and Order[1], but the remainder of the Petition is denied as moot; and it is further

ORDERED that the cross motion to dismiss is denied to the extent that Petitioner is entitled to attorneys' fees but is granted to the extent that the remainder of the Petition is dismissed as moot; and it is further

---

[1] The failure to submit the fee application in a timely manner may result in the waiver of those fees.

**151176/2025   MATTER OF THE DEARIE LAW FIRM, P.C. vs. NEW YORK CITY HOUSING AUTHORITY**
**Motion No.  001**

ORDERED that within ten days of entry, counsel for Petitioner shall serve a copy of this Decision, with notice of entry, via NYSCEF.

This constitutes the Decision and Order of the Court.

_____
3/5/26
**DATE**

_____
**HON. PHAEDRA F. PERRY-BOND, J.S.C.**

| CHECK ONE: | x | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | x GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**151176/2025   MATTER OF THE DEARIE LAW FIRM, P.C. vs. NEW YORK CITY HOUSING AUTHORITY**
**Motion No.  001**

**Page 4 of 4**